BELMONT NURSING HOME, Plaintiff-Appellee, *v.* THE DEPARTMENT OF PUBLIC AID *et al.*, Defendants-Appellants.

First District (5th Division)   No. 82—475

Opinion filed August 13, 1982.

Tyrone C. Fahner, Attorney General, of Springfield (Kathleen M. Lien, Assistant Attorney General, of counsel), for appellants.

Klafter, Burke & Nathan, of Chicago (Edward M. Burke, of counsel), for appellee.

JUSTICE MEJDA delivered the opinion of the court:

Plaintiff, Belmont Nursing Home, filed a complaint for administrative review in the circuit court, seeking to reverse the administrative decision of the defendants to terminate and not renew its Medicaid certification. Plaintiff filed with the complaint a motion for a temporary restraining order seeking to stay enforcement of the administrative decision. The trial court granted the motion and issued an order staying the enforcement of the administrative decision. The instant interlocutory appeal is taken from that order.

The issues presented for review are whether the trial court erred in granting a stay of the administrative decision by: (1) going outside the scope of administrative review; (2) using its own observations as evidence; and (3) not applying equitable requirements for injunctive relief.

On January 5, 1982, plaintiff was notified by the Illinois Department of Public Health and the Illinois Department of Public Aid of the decision of the Illinois Department of Public Health to terminate and not renew the Medicaid certification of the Belmont Nursing Home due to violations of Federal Medicaid regulations (42 C.F.R. sec. 442 *et seq.* (1981)) and the Illinois Nursing Home Care Reform Act of 1979 (Ill. Rev. Stat. 1979, ch. 111½, par. 4151—101 *et seq.*). Plaintiff requested and received an administrative hearing before both agen-

cies. Following the hearing the Directors of both Departments issued orders affirming the decertification, thereby terminating plaintiff's eligibility to receive funds under the Medicaid program, effective February 8, 1982.

Plaintiff consequently filed the instant action for administrative review under the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 264 *et seq.*) and on February 3, 1982, presented its motion for a "temporary restraining order" seeking to stay enforcement of the administrative decision pending completion of the judicial review. A hearing on the motion commenced on that morning. At this hearing the trial court expressed his intention to view the conditions at the nursing home, stating:

"I will listen to everybody but I will go out there myself this afternoon and I will take a look at the place. And if I think *** that these people should not be thrown out on the street because of this action, I will rule one way *** If I feel that these people are better off staying at that home, I will grant your motion and I am going to stop them from cutting off the funds at this time."

After hearing the testimony of three registered nurses offered on behalf of defendants, the court adjourned, and subsequently conducted its own physical inspection of the Belmont Nursing Home during the afternoon.

While at the plaintiff's nursing home, the judge made "speeches" and interviewed patients asking them if they wanted to leave, and inquiring as to how they were being treated. At one point during his inspection, the judge noted that a heart patient had not received a "cardiogram" as prescribed and ordered it taken as soon as possible. The judge later stated that his visual inspection led him to believe that the nursing home "was not in the condition that was described in the complaint."

At the morning's hearing, defendants' witnesses had testified regarding the availability of alternative nursing facilities which complied with applicable Federal and State standards, and which could accommodate plaintiff's patients. During the court's afternoon inspection, the judge, without notice to defendants, also visited one of the named nursing homes, the Lake View Home. There, the judge inquired as to the availability of patient accommodations and made observations of the facility's relative qualities of cleanliness and habitability in comparison to the plaintiff's nursing home.

On the following day, February 4, 1982, the trial court announced the results of its inspection and issued an order granting the tempo-

rary restraining order staying the administrative decision.

OPINION

■ As a prelude to our discussion of the issues presented herein, it is necessary to examine the nature of the instant order and to identify the statutory basis for the issuance of the order. It is noted that what has been labeled as a "temporary restraining order" has been treated by the parties, for all substantive purposes, as a "stay" order entered pursuant to section 12(1)(a) of the Administrative Review Act. (Ill. Rev. Stat. 1979, ch. 110, par. 275(1)(a).) This section states that the circuit court shall have the power "upon notice to the agency and good cause shown, to stay the decision of the administrative agency in whole or in part pending final disposition of the case." On appeal, the parties have grounded their contentions with respect to the instant order upon this section. We recognize that the order appealed from is in the nature of a stay of enforcement of the decertification of plaintiff's nursing home. We must further recognize, however, that the administrative decision in this case was predicated substantially upon alleged violations by plaintiff of provisions of the Nursing Home Care Reform Act of 1979 (Ill. Rev. Stat. 1981, ch. 111½, par. 4151—101 et seq.) and was rendered upon findings made by the Director of the Department of Health pursuant to this act. Section 3—713(b) of the Nursing Home Care Reform Act of 1979 specifically provides that "[t]he court may stay enforcement of the Department's final decision *** if a showing is made that there is a substantial probability that the party seeking review will prevail on the merits and will suffer irreparable harm if a stay is not granted, and that the facility will meet the requirements of this Act and the rules promulgated under this Act during such stay." (Ill. Rev. Stat. 1981, ch. 111½, par. 4153— 713.) Thus, under the rule that the terms of the more specific statute must prevail, especially where that particular provision is later in time of enactment (see Hah v. Stackler (1978), 66 Ill. App. 3d 947, 383 N.E.2d 1264); we find that granting of the instant stay order is subject to the requirements of section 3—713(b) of the Nursing Home Care Reform Act of 1979, and therefore not subject to the more general provisions of section 12(1)(a) of the Administrative Review Act as contended by the parties.

On the record before us there is no indication that the trial court considered the applicable standards of section 3—713 in granting the instant stay order. The record is also devoid of any proper showing by plaintiff of the requirements under this provision. Accordingly, we find the granting of the stay order under such circumstances to be a

clear abuse of discretion which warrants reversal.

Although we consider the above shortcomings to be dispositive of the appeal, we deem it important to consider defendants' contentions with respect to the court's reliance upon its personal observations in staying enforcement of the administrative decision.

■■ ■ Generally, it is established that facts gained from a judge's personal observations during an inspection cannot be considered in evidence. The only legitimate purpose of an inspection is to enable the court to understand the issues and apply the evidence which is properly admitted. (*Devon Bank v. Department of Transportation* (1981), 95 Ill. App. 3d 690, 420 N.E.2d 605; see also *Drovers National Bank v. Great Southwest Fire Insurance Co.* (1977), 55 Ill. App. 3d 953, 371 N.E.2d 855.) These rules are to be strictly applied in a bench trial. (*Lancer Industries, Inc. v. City of Aurora* (1975), 30 Ill. App. 3d 962, 333 N.E.2d 653.) Although in a bench trial it is presumed that the trial judge has considered only competent evidence, this presumption may be rebutted where the record affirmatively shows the contrary. *Drovers National Bank;* see *People v. Gilbert* (1977), 68 Ill. 2d 252, 369 N.E.2d 849.

■■ We have examined the instant record in view of the foregoing principles, and we find the presumption of competency of the evidence strongly rebutted. The stay order here is clearly the product of the court's own investigation into the facts. We think it sufficient to say that we consider the trial court's activity here to far exceed the proper scope of judicial inspection and therefore sufficient grounds for reversal.

For the foregoing reasons, the order staying enforcement of the administrative decision is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion. Although nothing in this opinion is to be construed as foreclosing the granting of a stay order upon a proper showing, the trial court is directed on remand to set this cause for trial at the earliest possible date in accordance with section 3—713(c) of the Nursing Home Care Reform Act of 1979. Ill. Rev. Stat. 1981, ch. 111½, par. 4153—713(c).

Reversed and remanded, with directions.

SULLIVAN, P. J., and WILSON, J., concur.