**Thelma Marie FIGGS,**
**Plaintiff-Appellant,**

v.

**QUICK FILL CORPORATION,**
**Defendant-Appellee.**

No. 84–1613.

United States Court of Appeals,
Fifth Circuit.

July 29, 1985.

Wilson, Williams & Molberg, Kenneth H. Molberg, Dallas, Tex., for plaintiff-appellant.

Jenkens & Gilchrist, Phillip R. Jones, John Michael Alexander, Dallas, Tex., for defendant-appellee.

Before WISDOM, GARWOOD, and DAVIS, Circuit Judges.

PER CURIAM:

On this appeal from judgment entered on an award to the plaintiff of limited back pay without reinstatement in a Title VII race discrimination suit, the plaintiff/appellant challenges the district court's finding that an unconditional offer of reinstatement was made by the defendant, tolling the accrual of back-pay liability under section 706(g) of Title VII, 42 U.S.C. § 2000e–5(g) (1982). *Ford Motor Company v. EEOC,* 1982, 458 U.S. 219, 102 S.Ct. 3057, 73 L.Ed.2d 721. We affirm.

## I.

The plaintiff, Thelma Marie Figgs, brought this Title VII suit in Federal District Court for the Northern District of Texas alleging that she had been terminated from employment on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and of 42 U.S.C. § 1981. Figgs, a black female, sought and obtained employment at a gas service station operated by the defendant, Quick Fill Corporation, on July 8, 1981, but was terminated after one day of work. She had previously filed a charge with the EEOC. The EEOC engaged in informal efforts at conciliation between the parties as mandated by 42 U.S.C. § 2000e–5(b).[1] These efforts were unsuccessful.

The liability and remedy issues of Figgs's suit were bifurcated for trial. On November 8, 1983, the trial court entered findings of facts and conclusions of law imposing liability on Quick Fill for discriminatory discharge. The court then held a hearing to determine Figgs's remedy. Over the plaintiff's objections, the court considered the testimony and notes of the EEOC investigator, Diane Whitfield, in determining the relief to which Figgs was entitled. The court found that Quick Fill made an unconditional offer of reemployment to Figgs on August 17, 1981, and that Figgs rejected that offer. The court held, therefore, that Quick Fill's liability for back pay was tolled by the unconditional offer and that, having previously rejected Quick Fill's offer, Figgs was not entitled to reinstatement. Accordingly, the district court entered judgment awarding Figgs back pay from the date of her dismissal to the date Quick Fill offered reinstatement, together with compensatory damages and attorney's fees. On appeal from this judgment, Figgs contends that the district court

erred as a matter of law in considering Whitfield's testimony and notes to determine back-pay liability and as a matter of fact in finding that Quick Fill had made a bona fide unconditional offer of reinstatement to the plaintiff.

## II.

The award of back pay in Title VII cases is governed by section 706(g) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(g), which provides that a court, upon finding a respondent intentionally to have engaged in unlawful employment practices in violation of the Act, may "enjoin the respondent from engaging in such unlawful practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay ..., or any other equitable relief as the court deems appropriate". The purpose of awarding back pay, as with other relief allowed by this section, is "to make whole the victims of discrimination according to what would have been their experience in a non-discriminatory work setting". *Claiborne v. Illinois Central Railroad*, 5 Cir. 1978, 583 F.2d 143, 149, *cert. denied*, 1979, 442 U.S. 934, 99 S.Ct. 2869, 61 L.Ed.2d 303. The statute, however, imposes upon the plaintiff a duty to mitigate his or her damages: "Interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable". 42 U.S.C. § 2000e–5(g) (1982).

■ The Supreme Court, in interpreting this statutory scheme, has held that a claimant "forfeits his right to back pay if he refuses a job substantially equivalent to the one he was denied". *Ford Motor Com-*

---

**1.** This section requires the Commission to investigate charges of unlawful employment practices to determine whether there exists reasonable cause to believe that the charge is true. The section further provides:

"If the Commission determines after such investigation that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such

alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. Nothing said or done during and as part of such informal endeavors may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned."

42 U.S.C. § 2000e–5(b) (1982).

*pany v. EEOC*, 1982, 458 U.S. 219, 232, 102 S.Ct. 3057, 3066, 73 L.Ed.2d 721. The Court noted that a claimant's obligation to mitigate damages does not require him or her to accept an offer that conditions employment on the claimant's agreement to compromise his or her discrimination claims. *Id.* at 458 U.S. 232 n. 18, at 102 S.Ct. 3066 n. 18. A claimant who accepts an unconditional offer of employment and prevails on the merits of the discrimination claim remains entitled—within the court's discretion—to back pay accrued before the effective date of the offer, retroactive seniority, and compensatory damages. *Id.* at 458 U.S. 233, at 102 S.Ct. 3066. If, however, a claimant refuses an offer of reinstatement *not* conditioned on compromising the discrimination claim, the claimant breaches his or her statutory obligation to mitigate damages. *Id.* at 458 U.S. 238, at 102 S.Ct. 3069. The Court concluded that, "absent exceptional circumstances, the rejection of an employer's unconditional offer ends the accrual of potential backpay liability". *Id.* at 458 U.S. 241, at 102 S.Ct. 3070.

The district court found that in the instant case, as in *Ford*, the claimant, here Figgs, cut off her entitlement to back pay as of the date of the employer's unconditional offer of reinstatement. Figgs contends on appeal that this conclusion is based solely on evidence which was improperly received by the district court and which, even if properly before the court, was insufficient to support the court's findings. We disagree.

■ Figgs's evidentiary challenge is based on 42 U.S.C. § 2000e–5(b) (1982) which provides, in pertinent part, that "nothing said or done during and as part of [the EEOC's informal conciliation endeavors] may be made public by the Commission ... or used as evidence in a subsequent proceeding without the written con-

sent of the persons concerned".[2] Figgs objected at both the liability and remedy stages of this proceeding to the introduction of any testimony or documentary evidence in any way related to Quick Fill's alleged offers of reinstatement to Figgs, on the ground that all such offers were made as part of conciliation efforts and were therefore properly excluded under section 2000e–5(b). Specifically, Figgs objected to the introduction of the testimony and notes of EEOC investigator Whitfield and the testimony of Figgs herself, elicited on cross-examination, regarding employment offers allegedly made by Quick Fill to Figgs. Our review of the record convinces us, however, that the evidence elicited from Figgs herself, totally outside the realm of EEOC conciliation efforts, is sufficient to support the district court's finding that Quick Fill made an unconditional offer of reinstatement to Figgs. Any error in admitting testimony or documentary evidence regarding EEOC conciliation efforts was, therefore, harmless error.[3] Accordingly, we need not reach the question of the extent to which evidence of conciliation efforts is protected under section 2000e–5(b).

■ Figgs concedes that an unconditional offer of reinstatement made directly by Quick Fill to Figgs would be admissable and would act to toll Quick Fill's back-pay liability. Figgs testified on cross-examination by counsel for Quick Fill that Ms. Hawkins, Figgs's direct supervisor at Quick Fill, advised her that Mr. Lawrence, the field supervisor responsible for Figgs's termination, offered her reinstatement with the company. Figgs suggested to Ms. Hawkins that she was not interested in reinstatement because she "saw no reason why [she] couldn't work there from the beginning". This testimony establishes that Figgs received an offer of reinstatement directly from the company without

**2.** *See* note 1.

**3.** We do not hold that the district court erred in admitting the challenged evidence; rather, we hold that *if* the court did err, the error was harmless because other competent evidence on the record is sufficient to uphold the district

court's findings of fact and conclusions of law. *See, e.g., Stancill v. McKenzie Tank Lines, Inc.,* 5 Cir.1974, 497 F.2d 529, 537, holding that the erroneous admission of testimony is harmless error if other competent evidence is sufficient to uphold the judgment.

the intercession of the EEOC. Figgs's contention on appeal that this offer was not bona fide and was conditioned on Figgs agreeing to drop her discrimination claim are not supported by the record. We therefore uphold the district court's finding that Quick Fill made an unconditional offer of reinstatement to Figgs which tolled the accrual of back pay liability. The judgment of the district court is AFFIRMED.