**Nellie Lou LILLIE, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 90–5182.**

United States Court of Appeals, Tenth Circuit.

Jan. 13, 1992.

Jefferson D. Sellers of Jack B. Sellers Law Associates, Sapulpa, Okl., and Laura Emily Frossard, Tulsa, Okl., for plaintiff-appellant.

Tony M. Graham, U.S. Atty., and Kathleen Bliss Adams, Asst. U.S. Atty., Tulsa, Okl., for defendant-appellee.

Before LOGAN, MOORE and ANDERSON, Circuit Judges.

LOGAN, Circuit Judge.

Plaintiff Nellie Lou Lillie appeals from a judgment in favor of the United States in an action tried to the court under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680. Plaintiff asserts that it was reversible error for the trial judge to view the scene of the accident without providing the parties notice or an opportunity to attend, and with no court reporter present. In the alternative, she argues that an evidentiary hearing is required to determine whether the court's findings were based on the judge's view as evidence.[1]

Plaintiff sustained injuries when she fell on the steps of the United States Post Office in Sand Springs, Oklahoma. As she descended the steps, holding on to a handrail, she allegedly tripped and broke her right ankle when she stepped into a spalled area on the second step from the bottom of the stairway. Plaintiff testified that because of the injury she plans to retire three years earlier than she had intended. After a bench trial, the district judge decided in favor of the government. In his findings of fact, the judge explicitly acknowledged taking a view of the accident scene, stating as follows: "The spalled area is in substantially the same condition today as it was on [the date plaintiff was injured]. (The day following the trial of the case the Court went to the scene in daylight hours and observed the step, walkway area, and handrails involved)." I R. tab 32 at 3. This view was taken without notice and without providing counsel for either party the opportunity to accompany the judge.

The issue presented is whether the district judge erred when he took the view without providing counsel the opportunity to attend, and, if so, whether taking an improper view is reversible error. We have never had occasion to rule on this issue of law, and federal court decisions provide only limited assistance.[2] In *United States v. Walls*, 443 F.2d 1220, 1223 (6th Cir.1971), a criminal case, the court held that it was reversible error for the judge to base his findings on a view that neither the defendant nor his attorney were allowed to attend.[3] In *Price Brothers Co. v. Philadelphia Gear Corp.*, 629 F.2d 444 (6th Cir. 1980), *appeal after remand*, 649 F.2d 416 (6th Cir.), *cert. denied*, 454 U.S. 1099, 102 S.Ct. 674, 70 L.Ed.2d 641 (1981), the judge, presiding at a bench trial, allegedly asked his law clerk to view a machine. The Sixth Circuit remanded for a hearing to determine, inter alia, whether the clerk actually viewed the machine and whether the view was reported to the judge. *Id.* at 447. On appeal after remand, the court found harmless error because the view was not used as evidence. *Price Brothers Co.*, 649 F.2d at 420.

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

**2.** *See EEOC v. Mercy Hosp. & Medical Ctr.*, 709 F.2d 1195, 1199 (7th Cir.1983) ("There is surprisingly little authority in the federal courts dealing with the conduction of a view by the district court in a bench trial.").

**3.** Although *Walls* was a criminal case, the court did not base its decision on the constitutional protections of a criminal defendant. Rather, the court exercised its "supervisory authority over the administration of criminal justice." 443 F.2d at 1223 n. 3.

We disagree with the Sixth Circuit holding in *Price Brothers* to the extent it indicates that a view sometimes is not evidence. We acknowledge that jurisdictions vary as to whether a view is treated as evidence or simply as an aid to help the trier of fact understand the evidence.[4] However, we believe such a distinction is only semantic, because any kind of presentation to the jury or the judge to help the fact finder determine what the truth is and assimilate and understand the evidence is itself evidence. The United States Supreme Court has stated that the "inevitable effect [of a view] is that of evidence, no matter what label the judge may choose to give it." *Snyder v. Massachusetts*, 291 U.S. 97, 121, 54 S.Ct. 330, 338, 78 L.Ed. 674 (1934), *overruled on other grounds, Malloy v. Hogan*, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964).

The instant case, however, does not turn simply on whether a view is regarded as evidence. Most authorities agree that it is error for a judge to take a view without providing an opportunity for counsel to attend. *See, e.g.*, Spencer A. Gard, 3 *Jones on Evidence* § 15:26 (6th ed. 1972) ("A judge trying a case without a jury may not properly view premises without the knowledge or consent of either party."); *see also, e.g., Walls*, 443 F.2d at 1223; *Highbarger v. Thornock*, 94 Idaho 829, 498 P.2d 1302 (1972); *Evans v. City of Eufaula*, 527 P.2d 329 (Okla.1974). *But see Mutual Serv. Funeral Homes v. Fehler*, 257 Ala. 354, 58 So.2d 770, 772 (1952) (although notice to parties is "wise policy," it is not required). The critical question then becomes whether the error requires reversal.

We have found many state cases in which a judge in a bench trial took a view without providing an opportunity for counsel to attend. In each of the cases that were *affirmed* the appellate court found no indication that the trial court relied on the view in making its factual determination.

*See, e.g., Fehler*, 58 So.2d at 772 (judge made view and gave counsel no notice or opportunity to be present; appellate court assumed judge observed "all the safeguards he would throw about a jury in making such inspection"); *Jones v. Abriani*, 169 Ind.App. 556, 350 N.E.2d 635, 651 (1976) (judge viewed and refused to allow any party to attend, no indication trial judge relied on view to resolve factual issue); *Morris County Land Improvement Co. v. Township of Parsippany–Troy Hills*, 40 N.J. 539, 193 A.2d 232, 238 (1963) (judge viewed without notice or counsel present, put observations on record, not used as evidence to resolve facts); *see also Evans*, 527 P.2d at 331–32 (motion for summary judgment, court viewed without party consent; held harmless error because evidence otherwise insufficient to warrant submission to jury). Similarly, in the cases that were *reversed* the appellate court generally found the trial court findings *did rely* on the improper view.[5] *See Noble v. Kertz & Sons Feed & Fuel Co.*, 72 Cal. App.2d 153, 164 P.2d 257, 259–60 (1945) (judge inspected property without presence or consent of parties, findings were contrary to other evidence); *Denver Omnibus & Cab Co. v. J.R. Ward Auction Co.*, 47 Colo. 446, 107 P. 1073, 1074 (1910) (judge viewed scene without notice or consent of parties, based on view decided wagon driver's testimony not credible); *Brown v. Transcontinental Gas Pipe Line Corp.*, 210 Ga. 580, 82 S.E.2d 12, 15–16 (1954) (judge visited site without consent or notice to parties and used view as integral part of judgment); *Lobdell v. State*, 89 Idaho 559, 407 P.2d 135, 140 (1965) (judge viewed property with no notice to parties and based findings on view; held view is not to be used as evidence); *Belmont Nursing Home v. Illinois Dep't of Public Aid*, 108 Ill.App.3d 660, 64 Ill.Dec. 260, 439 N.E.2d 511, 514 (1982) (hearing for motion to stay enforcement, judge viewed premises and used as evidence; held view cannot be used

---

**4.** For example, an expert witness' testimony explaining the terms of a trade is evidence, even though its purpose is to help the fact finder understand the direct evidence presented. *See* Fed.R.Evid. 702.

**5.** If it is not clear from the record whether the court relied on the view, the case may be remanded to determine that issue. *See Price Brothers*, 629 F.2d at 447.

as evidence); *Owings v. Talbott,* 262 Ky. 550, 90 S.W.2d 723, 725 (1936) (judge viewed area, no notice to counsel, judge indicated he based decision on view); *Valentine v. Malone,* 269 Mich. 619, 257 N.W. 900, 904 (1934) (judge viewed after trial, relied on personal observations in decision, in Michigan view is not evidence); *Conner v. Parker,* 181 S.W.2d 873, 874 (Tex.Civ. App.1944) (statute precludes *jury* from using view as evidence; held reversible error where judge sitting as trier of fact based decision on view). We have found only one case in which the state court reversed on the basis of an improper view alone, without addressing whether the trial court relied on the view. *See American Family Mut. Ins. Co. v. Shannon,* 120 Wis.2d 560, 356 N.W.2d 175, 177 (1984) (judge as trier of fact made view of scene; appellate court held that an unannounced, unaccompanied, and unrecorded view is an error of law).

An improper view is error because of the potential problems that may result. Without presence of counsel there is no way to be certain that the premises viewed are in the same condition as when the event occurred, or that the court does not view the wrong premises or objects. *See Highbarger,* 498 P.2d at 1304; *Shannon,* 356 N.W.2d at 179. When a judge engages in off-the-record fact gathering, he essentially has become a witness in the case. The presiding judge "may not testify in that trial as a witness." Fed.R.Evid. 605. Thus, when an improper view is taken the evidence obtained is admitted in contravention of the Federal Rules of Evidence. *See also* Fed.R.Civ.P. 43 (testimony "shall be taken orally in open court, unless otherwise provided"). When there is an improper view the parties have no opportunity to cross-examine, to object to the introduction of the evidence, or to rebut the evidence. "The fair and impartial administration of justice demands that facts be determined only upon evidence properly presented on the record." *Price Bros.,* 649 F.2d at 419. Furthermore, because there is no record of the view, the litigants may effectively be denied any means of challenge on appeal.

In his opinion in the instant case, the district judge did not explicitly state whether he relied on the view in making his findings. One finding of fact, however, suggests that he did so rely:

"18. If a normal size adult proceeded walking down the center of the steps holding onto the handrail with the left hand, as described by Plaintiff, Plaintiff's right foot would have no occasion to come in contact with the spalled area on the next to last step from the bottom, because the spalled area is too close or near the handrail."

I R. tab 32 at 6. This finding is in contrast to the testimony of plaintiff that she fell when she stepped into the spalled area on the step. The government's counsel cross-examined plaintiff as follows:

"Q. (By Mrs. Blevins) Let me hand you what I've marked as Defendant's Exhibit 10–C.

A. That step right there (indicating).

Q. Is that the hole that you stepped in, the one that has the ruler behind it there?

A. Yes, ma'am.

Q. Hold onto that. You were coming down the steps holding onto the left handrail; was that hole up next to the left handrail?

A. No.

Q. Is it not next to the left handrail in that picture?

A. Well, it's not right next to it. It's over a little ways.

Q. And you stepped into that hole with your right foot?

A. My ankle turned in that hole and I fell, yes, ma'am.

Q. Your right ankle?

A. Yes, ma'am.

Q. How was it possible for you to step in that hole with your right ankle or your right foot?

MR. SELLERS: We object as argumentative, Your Honor.

THE COURT: Overruled. She may answer that if she can.

A. When you take one step in front of another, you're—that's the way it happened.

Q. (By Mrs. Blevins) Were you not right up next to the left handrail?

A. Usually up close enough to it to hold on.

Q. How was it then that you stepped into that hole with your right foot?

A. Because the hole was there."

II R. 61–62. It is possible that this cross-examination together with pictures of the steps and handrail could be the basis for the judge's finding 18. However, the finding that "[i]f a normal size adult proceeded walking down the center of the steps ... as described by Plaintiff, Plaintiff's right foot would have no occasion to come in contact with the spalled area," I R. tab 32, 6, appears to be based on the view of the scene. No evidence on how a "normal size adult" would descend the stairs was presented at trial, except for the testimony of the plaintiff. Therefore, this finding raises the possibility that the trial judge attempted to recreate the plaintiff's walk down the steps of the Post Office, or that he otherwise relied on the view.

 Because a view should always be considered evidence, we hold that an improper view is to be judged by the general standard regarding the erroneous admission of evidence. Erroneous admission of evidence is harmless only if other competent evidence is "sufficiently strong" to permit the conclusion that the improper evidence had no effect on the decision. *See Olitsky v. Spencer Gifts, Inc.*, 842 F.2d 123, 127 (5th Cir.) (jury verdict reversed), *cert. denied*, 488 U.S. 925, 109 S.Ct. 307, 102 L.Ed.2d 326 (1988). In this case, we cannot determine from the record that the improper view had no effect on the district court's findings. Therefore, we REVERSE and REMAND for a new trial.