EQUAL EMPLOYMENT
OPPORTUNITY
COMMISSION

v.

FINA OIL AND CHEMICAL CO.

Amada COLLAZO

v.

FINA OIL AND CHEMICAL CO.

Nos. 1:91–CV–901, 1:91–CV–950.

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 24, 1992.

Rudy L. Sustaita, Houston, TX, for E.E.O.C.

Robert M. Wood, Woodville, TX, for Collazo.

Maurine F. Moore, Locke, Purnell, Rain & Harrell, Houston, TX, for defendant.

## MEMORANDUM ORDER

COBB, District Judge.

Pursuant to our order of July 24, 1992, plaintiff Equal Employment Opportunity Commission (EEOC) submitted documents to this Court for *in camera* inspection to determine whether they are disclosable to the defendant, Fina Oil and Chemical Company (FINA), under the government's deliberative process privilege, the attorney-client privilege, the attorney work product privilege, and/or statutory prohibition.

EEOC asserts these privileges as follows: 1) the deliberative process privilege for Exhibits A–AA and SS–UU, (conceding the disclosability of exhibits V and W, and exhibit R with proposed deletion), 2) attorney-client privilege for Exhibits N, O, Q and NN–RR, and 3) attorney work product for MM and also for Exhibits N, O, Q.

EEOC asserts the statutory prohibition of § 706(b) of Title VII, 42 U.S.C. § 2000e–5(b), for Exhibits BB–LL.

■ To take the latter claim first, Exhibits BB–LL are telephone logs and letters between the parties reflecting EEOC efforts at conciliation. Section 706(b) prohibits disclosure to the "public" of documents reflecting "informal methods of conference, conciliation, and persuasion" absent written permission of the parties to the agency proceeding. The Supreme Court has held that § 706(b) does not prohibit disclosure "to the parties to the agency proceeding." *EEOC v. Associated Dry Goods Corp.*, 449 U.S. 590, 598, 101 S.Ct. 817, 822, 66 L.Ed.2d 762 (1981). *See, Whitaker v. Carney*, 778 F.2d 216, 221–222 (5th Cir.1985) ("This admonition [nondisclosure to public] does not by its terms extend to employers"). However, the parties may not use the documents in subsequent litigation. *Olitsky v. Spencer Gifts, Inc.*, 842 F.2d 123, 126 (5th Cir.1988). Thus FINA may discover Exhibits BB through LL but may not use them in court if this case goes to trial.

■ The government's deliberative process privilege "protects predecisional materials 'reflecting deliberative or policy-making processes,' but not materials that are 'purely factual.'" *Skelton v. U.S. Postal Service*, 678 F.2d 35, 38 (5th Cir. 1982) (quoting *EPA v. Mink*, 410 U.S. 73, 87–89, 93 S.Ct. 827, 836–837, 35 L.Ed.2d 119 (1973)). *See, Mead Data Central, Inc. v. U.S. Dept. of Air Force*, 566 F.2d 242, 254 (D.C.Cir.1977) (discussion of privilege). As facts can be intermixed with analysis, a careful case-by-case analysis of the material sought is necessary. *Skelton* at 39. As the purpose of the privilege is to protect the full and free exchange of information in the agency, the test is whether disclosure would serve only to reveal the evaluative process by which a member of the decision-making chain arrived at his/her conclusion. *Id. See, N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150, 95 S.Ct. 1504, 1516, 44 L.Ed.2d 29 (1975) (purpose of privilege).

■ EEOC claims documents A–AA and SS–UU fall within the privilege with the exceptions noted *supra.* Applying the analysis given above, this Court agrees with the plaintiff with the exception of Exhibits A–H and TT. Exhibits A–F simply reflect routine agency procedure for processing a claim that is several steps removed from, and in no way revelatory of, the deliberative process. They include intake forms assigning claims to agency attorneys, filing tabs, and the table of contents to an investigative file. Exhibits G and H are investigative reports with evaluative sections that are easily segregable from the "purely factual" material (see, *infra*). Exhibit TT is an EEOC statistical report on FINA employment by race based on data supplied by the defendant and is disclosable under *Pacific Molasses Co. v. N.L.R.B.,* 577 F.2d 1172, 1183 (5th Cir.1978) (held, purely statistical report absent subjective conclusions not deliberative in nature).

■ In general, the attorney-client privilege permits nondisclosure of "confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice." *Mead Data Central, Inc. v. U.S. Dept. of Air Force,* 566 F.2d 242, 252 (D.C.Cir.1977). *See, generally, U.S. v. Pipkins,* 528 F.2d 559, 562 (5th Cir.1976). In federal courts, attorney-client privilege extends to confidential communications between attorney and client only if the communications are based on confidential information provided by the client; the privilege protects the secrecy of the underlying facts. *Mead* at 254; *Pipkins* at 559. EEOC asserts this privilege for documents N, O, Q and NN–RR. These documents reflect legal advice and/or facts upon which legal advice is predicated and so are not disclosable.

■ The attorney work product privilege is narrower, protecting material prepared in anticipation of litigation. *Mead* at 252; *see, Rutter v. NLRB,* 473 F.2d 223, 234 (5th Cir.1973). The privilege is asserted for Exhibit MM, which is a breakdown of wages for use at trial, and, as such, comes under this privilege.

In summation, the Court orders the production of the following documents to the defendant FINA: Exhibits A–F; Exhibit G (the last line of page 1, all of page 2, and the bottom half of page 3 [beginning with and including the words "Should investigation continue"] to be deleted); Exhibit H (the "comments" section on pages 1 and 2 to be deleted); Exhibits V and W; Exhibit R (as redacted by EEOC); Exhibit TT; and Exhibits BB–LL.