896 F.Supp. 651 (1995)
Michael G. TURNER, et al., Plaintiffs,
v.
The FIRESTONE TIRE AND RUBBER COMPANY, et al., Defendants.
No. 2-94-CV-199.
United States District Court, E.D. Texas, Marshall Division.
July 27, 1995.
*652 Murry & Griffin, Monty G. Murry, Winonia Griffin, Lesher & Cochran, Mark Lesher, Texarkana, TX, for plaintiffs.
Phillips & Akers, Kurt Groten/Darlea Feldt, Houston, TX, Crouch & Hallett, Hubert Crouch, Dallas, TX, Fairchild, Price, Thomas & Haley, C. Victor Haley, Nacogdoches, TX, for defendants.

ORDER
FOLSOM, District Judge.
PENDING BEFORE THE COURT is the Defendants' Motion to Disqualify Plaintiffs' Counsel. The Court, after reviewing the Motion, the Response, and the Reply, finds that the Motion is not well taken.

I. Background
This is a toxic tort case wherein the Plaintiffs, who are past and present employees of Red River Army Depot ("RRAD") in Bowie County, Texas, allege that they have been exposed to toxic fumes, steam, smoke, and other toxic substances released into the atmosphere from products manufactured by the Defendants. The Defendants have filed a motion to disqualify Plaintiffs' counsel because of counsel's former representation of a co-defendant in a similar civil action involving the same defendants.
In 1988, a matter styled Fleenor v. Goodyear Tire & Rubber Company was filed in the 76th Judicial District of Morris County, Texas. Fleenor, like the case pending before the Court, involves claims by workers at RRAD for personal injury due to alleged toxic exposures to rubber products.[1] The defendants in both actions are entities who manufactured the rubber products at issue.
Specifically, the Defendants Motion to Disqualify Plaintiffs' Counsel is premised on Plaintiffs' counsel's former representation of Tocco, Inc., a company who was a defendant in Fleenor and originally a defendant in the case before the Court. Monty Murry (hereinafter "Murry"), whose firm Murry & Griffin represent the Plaintiffs in this case, was a member of the law firm of Gooding & Dodson while Gooding & Dodson represented Tocco, Inc. in Fleenor. As counsel for one of the Fleenor defendants, Gooding & Dodson participated in joint defense counsel meetings pursuant to a "Joint Defense Agreement" whereby defense counsel for the various defendants agreed to pool resources, divide work assignments, and meet monthly to discuss defense strategy. At the monthly meetings, which the evidence shows Murry attended none on behalf of Tocco, Inc.,[2] the participants would sign a confidentiality agreement, verifying that none of the attendees had made any type of settlement with the plaintiffs and that the information exchanged at the meeting would be confidential and privileged.[3]
*653 Plaintiffs dismissed Tocco, Inc. with prejudice on January 9, 1995. Additionally, Plaintiffs' response to the motion to disqualify represents that Tocco, Inc. has agreed to waive any conflict which may have existed.
The arguments offered by the Defendants in support of their motion to disqualify Murry & Griffin from representing the Turner plaintiffs are (1) Murry's representation of the Turner plaintiffs violates Texas Disciplinary Rules of Professional Conduct 1.06 and 1.09; (2) Murry is disqualified from representing the Turner plaintiffs because he is presumed to have gained confidential information from the Defendants in their defense of a substantially related matter while he was a member of the firm of Gooding & Dodson; and, (3) there is the presumption that this confidential information has been transmitted to Murry's new firm and to co-counsel Lesher & Cochran.[4]

II. Discussion

A. Rule 1.06
Texas Disciplinary Rule of Professional Conduct 1.06 provides:
(a) A lawyer shall not represent opposing parties to the same litigation.
(b) In other situations and except to the extent permitted by paragraph (c), a lawyer shall not represent a person if the representation of that person:
(1) involves a substantially related matter in which that person's interests are materially and directly adverse to the interests of another client of the lawyer or the lawyer's firm; or
(2) reasonably appears to be or become adversely limited by the lawyer's or law firm's responsibilities to another client or to a third person or by the lawyer's or law firm's own interests.
The Court is of the opinion that Rule 1.06 does not disqualify Murry from representing the Turner plaintiffs because it is inapplicable to the facts making the basis of the Defendants' motion. Murry is not representing opposing parties to the same litigation as is prohibited by 1.06(a). While Murry's representation of the Turner plaintiffs unquestionably involves a "substantially related matter," the Turner plaintiffs' interests are not "materially and directly adverse to the interests of another client" of Murry's, because Tocco, Inc. is not a client of Murry's and is not a party in Turner. Thus, Murry's representation does not violate 1.06(b)(1).
Finally, Murry's representation does not contravene 1.06(b)(2). There is no evidence that Murry's representation of the Turner plaintiffs might be adversely limited by his responsibilities to a third person. Even if there was such evidence, the Court is of the opinion that this is not for the Defendants to assert.[5] After full disclosure of Murry's previous involvement in Fleenor, the Turner plaintiffs can consent to his representation of them. This issue is not before the Court.
Alternatively, 1.06(c) provides that a lawyer may represent a client in the circumstances described in (b) if the lawyer reasonably believes the representation of each client will not be materially affected. In this case, there has been no evidence that Murry's representation of Plaintiffs will be materially affected. In addition, each affected or potentially affected client must consent to such representation. There is no evidence that Tocco, Inc., no longer a party to this suit, contests Murry's representation of the Turner plaintiffs.[6]

*654 B. Rule 1.09

Texas Disciplinary Rule of Professional Conduct 1.09 provides in part:
(a) Without prior consent, a lawyer who personally has formerly represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client:
(1) if it is the same or substantially related matter;
(2) if the representation in reasonable probability will involve violation of Rule 1.05.
Without addressing the Defendants' arguments on the application of each aspect of this rule, the Court finds that Tocco, Inc. has agreed to waive any conflict which may have existed, after having been dismissed with prejudice on January 9, 1995. The Defendants have offered the Court no evidence to the contrary. Therefore, the prohibition of Rule 1.09 is nullified by the consent of Tocco, Inc.

C. Confidential Communications
The Defendants contend that because attorneys from Gooding & Dodson attended the joint defense counsel meetings, they shared confidential information about their clients with these attorneys, who then shared this information with Murry. To this end they contend that the attorney client relationship raises an irrebuttable presumption that confidences were disclosed, and that it is further presumed that the presumed access of a partner to confidential information results in imputation of that information to the members of the firm, including Murry. However, the Court finds that Gooding & Dodson never had an attorney client relationship with any of the Defendants in this case. There is no evidence that Gooding & Dodson ever represented any of the movants herein.[7] Consequently, the Court refuses to apply the presumptions which the Defendants fervently argue apply.
In this connection, the Court is bolstered by the Eighth Circuit Court of Appeals' decision in Fred Weber, Inc. v. Shell Oil Company, 566 F.2d 602 (8th Cir.1977). The question before the court of appeals in Fred Weber, which is virtually identical to the question facing this Court, is "[d]oes a lawyer's representation of A, codefendant with B in a prior suit, disqualify the lawyer as representative of C against B in a subsequent, related suit?" Fred Weber, 566 at 606. The court's answer was "no." Although the court in Fred Weber determined this issue in light of Canons, 4, 5 and 9 of the ABA Code of Professional Responsibility, the court determined that representation of a codefendant of "B" raises no presumption that the lawyer obtained confidential information detrimental to "B's" interests.
Likewise, this Court is of the opinion that Murry's representation of Tocco, Inc. in Turner raises no presumption that Murry obtained confidential information detrimental to the Defendants' interests. Moreover, the Defendants presented no evidence that Murry actually received any confidential information from or about the Defendants as a result of Gooding & Dodson's representation of Tocco, Inc. in Fleenor.[8]

Conclusion
Based on the foregoing analysis, the Court finds that Murry's representation of the Plaintiffs in this case is not violative of Rules 1.06 and 1.09 of the Texas Disciplinary Rules of Professional Conduct, nor did Murry obtain any confidential information from or about the Defendants, presumably or actually. It is therefore,
*655 ORDERED that the Defendants' Motion to Disqualify Plaintiffs' Counsel is hereby DENIED.
NOTES
[1] Fleenor is currently pending in this Court, having been removed May 5, 1995.
[2] According to the deposition testimony of Monty Murry submitted in support of Defendants' Reply to Plaintiffs' Response to Motion to Disqualify, Murry did not attend any on the monthly meetings or sign the confidentiality agreement; however, Murry recalled attending a meeting with defense attorneys in conjunction with a hearing regarding discovery matters wherein the attorneys discussed who would present the argument at the hearing and how the hearing would proceed. See pages 38-39 of the Deposition of Monty G. Murry.
[3] The Joint Defense Agreement states as follows:

Each of the undersigned are attendees at the Joint Defense Counsel meeting referred to above. Each of the undersigned represent that at the time of this meeting neither they nor their clients have made any type of settlement with the Plaintiffs or any other party or nonparty to this matter and further represent that they have not made any type of deal where they would share information disclosed in this meeting to anyone other than their clients and those persons who are necessarily involved in the defense of that client. It is understood that the communications which take place today are intended to be confidential and are subject to any and all privileges which are commonly referred to as the joint defense privileges, which privileges may be raised by any one or more of the undersigned and will be honored by all of the undersigned.
Defendants argue that the Joint Defense Agreement was based on the privilege guaranteed in Rule 503 of the Texas Rules of Evidence. Defendants correctly point out that they have a right to assert the joint privilege as to the other members of the joint defense group, however, as asserted by Plaintiffs, this privilege does not compel the disqualification of Murry in this case, as it pertains to the exclusion of evidence, not the disqualification of counsel. See E.E.O.C. v. Fina Oil and Chemical Co., 145 F.R.D. 74 (E.D.Tex.1992) (In general, attorney-client privilege permits nondisclosure of confidential communications between attorney and his client relating to legal matters for which client has sought professional advice.)
[4] Because the Court holds that Murry is not disqualified, the Court's opinion will not address the Defendants' "contamination" argument that Murry's firm and the firm of Lesher & Cochran should also be disqualified.
[5] According to the comments for Rule 1.06 with regard to (b)(2), "[i]t is for the client to decide whether to accommodate the other interest involved."
[6] Defendants are contending that this exception does not apply because "members of the Joint Defense Group have not consented to waiving the privileges." The court is not persuaded by this argument because members of the joint defense group are not clients.
[7] The movants herein are Mohawk Tread Rubber Company, Uniroyal Tire Company, Inc., The Standard Products Company, Bridgestone/Firestone, Inc., Firestone Tire & Rubber Company, Firestone Industrial Products Company and E.P. Lambert, Bridgestone/Firestone, Inc., Firestone Tire & Rubber Company and Firestone Industrial Products Company have subsequently been dismissed from the suit.
[8] Defendants elicited testimony from Murry with regard to what information, if any, he received about Fleenor and the Fleenor defendants while associated with Gooding and Dodson. Murry's testimony does not reveal that he learned any confidential information from or about the Fleenor defendants during his association with Gooding & Dodson. See the deposition of Monty G. Murry, pp. 16-33 and pp. 37-52.