**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 8, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

MARIPOSA FARMS, LLC,

        Plaintiff-Appellee,

v.

WESTFALIA-SURGE, INC.,

        Defendant-Appellant.

No. 05-2344
(D.C. No. CIV-03-0779)
(D. N.M)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **SILER**,[**] and **O'BRIEN**, Circuit Judges.
_____

Westfalia-Surge, Inc. ("Westfalia") appeals the district court's denial of its

motion for judgment as a matter of law, or in the alternative, for a new trial.  For

the following reasons, we AFFIRM.

I. BACKGROUND

In July 2003, Mariposa Farms, Inc. ("Mariposa") filed suit against

Westfalia alleging negligence and breach of warranty resulting from the

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec.
1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

[**]The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for
the Sixth Circuit, sitting by designation.

installation and operation of cow-milking equipment manufactured by Westfalia. Mariposa alleged that the equipment malfunction created unstable vacuum pressure, which eventually caused mastitis to spread throughout its herd.

At trial, Mariposa expert witness Dr. Sybren Reitsma testified that, based on photographs and conversations with Mariposa's principal manager Larry Skelley, it was his expert opinion that the design and installation of Westfalia's vacuum system caused the unstable vacuum pressure which led to the mastitis outbreak. Another Mariposa expert witness, Dr. Robert Corbett, opined that the milking machine equipment malfunction caused the mastitis spread because, in his experience, the bacteria could not spread as rapidly as it did without the presence of a milking machine malfunction.

The jury found Westfalia thirty percent liable and apportioned damages accordingly. Westfalia filed a motion for judgment as a matter of law, or in the alternative, for a new trial. In denying both motions, the district court admitted that it erred in permitting the testimony of Dr. Reitsma because rather than basing his opinion on test results that he identified as the only reliable and acceptable means by which to measure vacuum pressure and function, he based his opinion on photographs of the machine and conversations with the dairy's manager. However, the district court still denied both Westfalia motions, finding that sufficient evidence remained to support the verdict and that the error did not adversely affect a substantial right of Westfalia. Westfalia now appeals.

## II. DISCUSSION

### A. Westfalia's Motion for Judgment as a Matter of Law

Westfalia contends that judgment as a matter of law in its favor is appropriate because insufficient evidence of causation remains once Dr. Reitsma's testimony is properly excluded. It argues that Dr. Corbett provided the only other causation evidence, but that his testimony should also have been excluded for the same reasons as Dr. Reitsma's testimony.

We review *de novo* the denial of a motion for judgment as a matter of law. *Miller v. Eby Realty Group LLC*, 396 F.3d 1105, 1110 (10th Cir. 2005). All reasonable inferences are drawn in favor of the nonmoving party, and the jury's verdict will be set aside only if the evidence points but one way. *Minshall v. McGraw Hill Broad. Co.*, 323 F.3d 1273, 1279 (10th Cir. 2003).

Westfalia asserts that Dr. Corbett's expert testimony should have been excluded because his method for determining the existence of a defect in the milking machine was unreliable under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1997), because it was not based on the generally accepted standards promulgated by the American Society of Agricultural Engineers ("ASAE").

We review the manner in which the district court exercised its *Daubert* "gatekeeping" role for an abuse of discretion. *General Elec. Co. v. Joiner*, 522 U.S. 136, 139 (1997). "Under *Daubert*'s reliability prong, 'an inference or

assertion must be derived by the scientific method . . . [and] must be supported by appropriate validation – i.e., "good grounds," based on what is known.'" *Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1205 (10th Cir. 2002) (quoting *Daubert*, 509 U.S. at 590). The basis question is whether the expert used "the methods and procedures of science," *Daubert*, 509 U.S. at 595, and "the level of intellectual rigor of the expert in the field." *Kumho Tire*, 526 U.S. at 152.

In this case, Dr. Corbett's use of a process known as reasoning to the best inference to arrive at his conclusions was sufficiently reliable under *Daubert* and *Kumho*, and the district court did not abuse its discretion in admitting his testimony. Dr. Corbett reviewed the lab reports indicating an unusually rapid spread of mastitis, analyzed Mariposa's management and maintenance of the dairy farm, and used his expertise to deduce that the milking system defect caused the mastitis outbreak. Specifically, he opined that while mastitis could spread in properly-functioning milking machines, the mastitis could not spread so rapidly as it did here unless there was a malfunction.

Westfalia urges that because Dr. Reitsma identified testing pursuant to ASAE standards as the generally accepted method to discover milking machine defects, anything else, including Dr. Corbett's method of reasoning to the best inference, is unreliable. However, as *Daubert* explicitly recognizes:

-4-

"General acceptance" is not a necessary precondition to the admissibility of scientific evidence under the Federal Rules of Evidence, but the Rules of Evidence – especially Rule 702 – do not assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand. Pertinent evidence based on scientifically valid principles will satisfy those demands.

*Daubert*, 509 U.S. at 597.

Here, Dr. Corbett's testimony was based on a scientifically valid method, *see Bitler v. A.O. Smith Corp.*, 391 F.3d 1114, 1124 (10th Cir. 2004) (finding reasoning to the best inference reliable under *Daubert* and *Kumho*), and the district court was proper in admitting it.

Therefore, the district court properly denied Westfalia's motion for judgment as a matter of law because Dr. Corbett's testimony provided sufficient causation evidence from which a jury could conclude that Westfalia was negligent.

### B. Westfalia's Motion for a New Trial

Westfalia next argues that the district court improperly denied its motion in the alternative for a new trial despite its own acknowledged error in admitting Dr. Reitsma's testimony. It contends that Dr. Reitsma's testimony was impermissibly prejudicial because, given his qualifications and experience, it had a significant impact on the jury's verdict.

We review the denial of a motion for a new trial for an abuse of discretion. *Skaggs v. Otis Elevator Co.*, 164 F.3d 511, 514 (10th Cir. 1998). A new trial will

only be granted if the district court "made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Sheets v. Salt Lake County*, 45 F.3d 1383, 1390-91 (10th Cir. 1995) (quoting *Hinds v. General Motors Corp.*, 988 F.2d 1039, 1046 (10th Cir. 1993)).

Erroneous admission of expert testimony does not require setting aside the jury verdict unless the evidence caused actual prejudice and affected a substantial right. Fed. R. Civ. P. 61; *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1253 (10th Cir. 2005). We have held that "[e]rroneous admission of evidence is harmless only if other competent evidence is 'sufficiently strong' to permit the conclusion that the improper evidence had no effect on the decision." *Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1089 (1st Cir. 2000) (citing *Lillie v. United States*, 953 F.2d 1188, 1192 (10th Cir. 1992)).

Westfalia argues that the district court erred because it did not apply the "sufficiently strong/no effect" harmless error standard to determine the effect of Dr. Reitsma's testimony on the verdict. It takes issue with the district court's statement in the order denying Westfalia's motion for a new trial that:

> The Court readily acknowledges that, absent Dr. Reitsma's testimony, there is decidedly less evidence in the record for the jury to have properly relied upon in finding liability on the part of the Defendant . . ., [but] the Court finds sufficient evidence remains in the record to support the verdict and that the Court's error in allowing Reitsma's testimony did not adversely affect a substantial right of Defendant.

As discussed above, Dr. Corbett's testimony provided the jury with sufficient evidence to find that Westfalia was negligent and breached its warranties. He studied the milking machine, Mariposa's management, and through the logic of best inference, reasonably deduced that the milking machine was defective because he had never seen a mastitis outbreak spread so rapidly where defective equipment was not the culprit. This methodology was reliable and provides a sufficient basis to conclude that the milking machine was defective. The jury also heard corroborating lay testimony of several witnesses, including Westfalia dealer Jerry Danforth and engineer Graeme Mein, who testified that the vacuum regulator was improperly installed and could result in vacuum and pulsation problems.

The district court was in the best position to determine the effect of Dr. Reitsma's testimony and its analysis did not abdicate its role in properly gauging its effect. Given that Dr. Corbett testified as to causation, and that his testimony was supported by other witnesses, the denial of Westfalia's motion was not an abuse of discretion.

**AFFIRMED**.

Entered for the Court,

Eugene E. Siler, Jr.
Senior United States Circuit Judge

-7-