### T. B. BONDHUS v. FERD. SWENSON.
### FERD. SWENSON v. MARTIN BONDHUS AND OTHERS.[1]

May 29, 1925.

No. 24,696.

**Under facts of case owner liable for return of earnest money to purchaser at auction sale.**

The owner of land offered it for sale at auction. He and the auction company employed the clerk of the sale. The purchaser paid the earnest money to the clerk. The auction company signed the usual earnest money contract in its own name. The owner and the purchaser accepted its terms in writing. The contract provided for a refundment of the earnest money, if title was not good or could not be made good in the owner. It was not good and could not be made good. It is *held* that the payment to the clerk was in legal effect a payment to the owner, and that a provision in the contract

[1]Reported in 204 N. W. 26.

by which the auction company was relieved of all liability except for the return of the purchase money did not affect the liability of the owner.

1. See Auctions and Auctioneers, 6 C. J. p. 838, § 46.

Two actions in the district court for Douglas county. The cases were tried together before Parsons, J., who ordered judgment against plaintiff Bondhus in the action to cancel the contract, and in favor of plaintiff Swenson against defendant T. B. Bondhus in the action to recover earnest money. From the judgments T. B. Bondhus appealed. Affirmed.

*L. L. Larson,* for appellant.

*Gunderson & Leach,* for respondent.

DIBELL, J.

Two actions tried together, one by T. B. Bondhus against Ferd. Swenson to cancel a land contract in which the former was the vendor and the latter the vendee, and one by Ferd. Swenson against T. B. Bondhus, and others, to enforce specifically the contract or recover the $3,000 earnest money paid. In each case there was judgment for Swenson and against T. B. Bondhus; in the latter for the recovery of $3,000. These two are the only parties to the appeal.

On November 22, 1923, Bondhus held an auction sale of a farm in Douglas county. The Jack Hudspeth Land Auction Company conducted the auction. One Walstad was clerk. The court finds upon sufficient evidence that he was employed by Bondhus and by the auction company. The land was struck off to Swenson for $19,000. An earnest money receipt or contract was signed by the auction company. Swenson agreed to the terms of the purchase, and Bondhus ratified the sale agreement, both in writing. Swenson paid the $3,000 earnest money to the clerk. The clerk paid the auction company $1,900. This is said to be the price fixed by its contract with Bondhus. It is not printed in the record before us. The $1,100 is still in his possession. No part of the $3,000 came into the personal possession of Bondhus.

The earnest money contract provided that if the title was not good in Bondhus, and could not be made good within 60 days, the agreement should be void and the $3,000 refunded; that is, refunded to Swenson. It provided that if the title was good, or could be made good within 60 days, and Swenson refused to accept it, the $3,000 should be forfeited; that is, forfeited to Bondhus. The title was not good in Bondhus, and could not be made good in 60 days, and never was made good. With the situation so, Swenson was entitled to the refundment of the $3,000; but the contract contained this provision upon which Bondhus relies:

"It is especially understood and agreed that this sale is made subject to approval by owner of said premises in writing, and that the undersigned Jack Hudspeth Land Auction Company agent is in no manner liable or responsible on account of this agreement, except for the return of said earnest money as herein provided."

The claim of Bondhus is that by this clause Swenson agreed to look to the auction company alone for a refundment. This construction cannot be given it. No such result was intended. Swenson did not elect to accept the liability of the auction company and relieve Bondhus. It is not a case such as Ames Packing & Prov. Co. v. Tucker, 8 Mo. App. 95, relied upon by appellant, where the creditor took the agent's note, or other cases cited in 2 C. J. 836, where the creditor elects to extend credit to the agent and relieve the principal. Swenson paid the $3,000 to the clerk who was employed by Bondhus and the auction company. Swenson properly made the payment to the clerk. That is the usual way of doing. He received from the auction company an earnest money receipt for his $3,000. Upon this Bondhus indorsed a statement to the effect that "I * * * do hereby ratify the above sale agreement." The legal effect was that of a payment to Bondhus, and upon his failure to perform Swenson was entitled to a refundment from him. That Bondhus did not receive the $3,000 from the clerk or from the auction company is not important in this litigation.

The trial court sums up the situation clearly:

"Defendant can recover the $3,000 payment from plaintiff. Walstad was the clerk of the sale, employed by plaintiff. He represented both plaintiff and the auctioneer. The payment to him was payment to plaintiff. Not only is this true, but plaintiff, by his written contract made with full knowledge of all the facts ratified the payment to Walstad. The fact that the auctioneer, plaintiff's authorized agent, in the agreement signed by all the parties receipted for the $3,000 and agreed to return it to defendant if title should not be good would not relieve the plaintiff from liability to defendant for that amount after he had ratified the payment by defendant to Walstad with full knowledge of all the facts."

There was no error in refusing a cancelation of the contract in the action first mentioned. Bondhus had not performed and could not perform. The contract was the basis of the right of Swenson to recover his earnest money. The recovery of Swenson in his action against Bondhus determines the rights of the parties.

Judgment affirmed.