Evelyn HARROD, Plaintiff in Error,

v.

O. B. BAGGETT and Mrs. O. B. Baggett, Defendants in Error.

No. 41090.

Supreme Court of Oklahoma.

Sept. 27, 1966.

Durward K. McDaniel, Oklahoma City, for plaintiff in error.

Duke Duvall, Duvall & Head, Oklahoma City, for defendants in error.

PER CURIAM.

This tort action was instituted by the plaintiff, Evelyn N. Harrod, seeking damages for personal injuries sustained in the home of the defendants, O. B. Baggett and Margie P. Baggett. The trial court sustained the defendants' demurrer to the plaintiff's evidence. From the order of the trial court overruling the plaintiff's motion for a new trial, the plaintiff appeals.

The amended petition alleged that the plaintiff was interested, as a prospective

buyer, in the purchase of the defendants' residence; that when she arrived at the defendants' home, she was shown the premises by the defendants' minor son and was escorted to the second floor of the home by way of the stairway; that after plaintiff inspected the upstairs portion of the premises, she descended the same stairway and fell from one of the steps and was injured. In substance, the alleged acts of negligence were darkness of the stairway, lack of a handrail, narrow steps, defective carpeting, and failure to warn the plaintiff of these dangers.

The answer of the defendants pleads a general denial, contributory negligence, and assumption of risk by the plaintiff.

The husband of the plaintiff, Billy C. Harrod, testified that he and his wife were looking for a larger house and that he had inspected the defendants' home the day before the incident and was advised by the defendants that someone would be home to show the premises to his wife on the following day. Mr. Harrod stated that he did not inspect the upstairs portion of the defendants' home and did not see the stairway, upon which his wife was injured, on this occasion.

Louise Bridgett testified that she and her daughter, Kathy, accompanied the plaintiff to the premises on the date of the accident. The twelve year old son of the defendants was present at the home upon their arrival and stated, "my daddy said I can show the house." According to her testimony, Mrs. Bridgett, her daughter, the plaintiff, and the son ascended the stairway in that order. After inspecting the upstairs, Mrs. Bridgett first descended, followed by her daughter, and then the plaintiff. Mrs. Bridgett testified that the stairway was dark at the time of the descent because the door at the bottom of the stairway, which had been open when she ascended the stairway, had been closed. She further testified that the stairway did not have any artificial light, handrail, or warning signs, and that the steps appeared

to be narrow. She did not observe the plaintiff fall.

The plaintiff testified in substance that, after examining the first floor of the defendants' home, the son of the defendants opened the door to the stairway leading to the upper floor of the house; that Mrs. Bridgett and her daughter went up the stairway first; that the plaintiff and the defendants' son entered the stairway, and the defendants' son closed the stairway door; that the plaintiff then ascended the stairway followed immediately by the defendants' son. The plaintiff stated she then examined the upstairs portion of the house. In developing the factual cause of the accident, the plaintiff stated that the only light, when descending the stairway, was from a bedroom window which illuminated the very top of the stairs. She testified that she was unaware that the door at the bottom of the stairs had been closed causing the stairway to become dark until after she had fallen. She also testified that, before starting down, she could see the first step but was unable to see the succeeding steps because of the darkness. The plaintiff stated that she misjudged the second step and fell "because it was so dark and I couldn't see." The plaintiff admitted on cross-examination that, if she had looked, she would have observed the darkness. The plaintiff further testified, on cross-examination, that she did not have "trouble or mishap" going up the stairs; that the carpet was in "excellent condition" and had nothing to do with the accident; and that the steps were narrow from front to back but were uniform in height and width.

The precise issue in this case is whether the plaintiff established primary or actionable negligence on the part of the defendants. It is admitted that the plaintiff was an invitee; she entered the premises to inspect them for the purpose of purchasing the premises; and she was descending a walled stairway when the accident occurred.

The case of Pruitt v. Timme, Okl., 349 P.2d 4, involved a similar factual

situation. The evidence of the plaintiff in that case established that she had fallen down an unlighted stairway, that had no handrail, and was injured. In upholding the order of the trial court sustaining the defendants' demurrer to the plaintiff's evidence, we said:

"Generally, an invitation to enter premises carries with it the duty toward the persons invited to provide reasonably safe means of ingress and egress, and to provide reasonably safe passages to and from such places as are included within the scope of the invitation. 65 C.J.S. Negligence § 48(b) Means of Ingress, Egress and Passage. English v. Thomas, 48 Okl. 247, 149 P. 906, L.R.A.1916F, 1110.

\* \* \* \* \* \*

"As a matter of law absence of handrails from an ordinary interior stairway, walled on both sides, is not actionable negligence. 38 Am.Jur., Negligence, Sec. 102; Walimaa v. Maki, 163 Minn. 362, 204 N.W. 25, 41 A.L.R. 965. And an innkeeper is not liable to a guest who, knowing that a stairway is unlighted, attempts to use it, and falls and is injured by reason of the lack of lighting. Hendricks v. Jones, 28 Ga.App. 335, 111 S.E. 81. See also Cook v. McGillicuddy, 106 Me. 119, 75 A. 378 and annotations 41 A.L.R. 967 as to absence of handrails."

We have repeatedly held, as in Jackson v. Land, Okl., 391 P.2d 904, that the duty to keep premises reasonably safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls and the like, in that such defects or conditions are not known to the invitee and would not be observed by him in the exercise of ordinary care. City of Drumright v. Moore, 197 Okl. 306, 170 P.2d 230; Safeway Stores v. McCoy, Okl., 376 P.2d 285; Rogers v. Cato Oil & Grease Co., Okl., 396 P.2d 1000. Likewise, we have held that an invitee assumes all normal or ordinary risks attendant upon the use of the premises, and the owner or occupant is under no legal duty to reconstruct or alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger that was obvious or should have been observed in the exercise of ordinary care. Beatty v. Dixon, Okl., 408 P.2d 339; Reed v. First National Bank., Okl., 405 P.2d 10; City of Tulsa v. Harman, 148 Okl. 117, 299 P. 462.

■ The record fails to disclose any basis upon which the plaintiff could recover upon the averments that the carpet was defective, the steps were narrow, and there was no handrail. The plaintiff admitted in her testimony that the carpet was in excellent condition and had nothing to do with the accident; no evidence was introduced to show that the width of the steps bore a causal relationship to the plaintiff's fall; and as seen above, we have previously held in Pruitt v. Timme, as a matter of law, that the absence of handrails from an ordinary interior stairway, walled on both sides, is not actionable negligence. In addition, no warning was required as to these alleged defects because the plaintiff, having ascended the stairway a short time before her fall, should have been aware of the condition of the carpet, the width of the stairs, and the absence of a handrail.

■■ The allegation of the petition upon which the plaintiff relies almost exclusively on this appeal is that the defendants negligently failed to warn the plaintiff of the fact that the stairway was dark prior to her descent. The plaintiff contends that the evidence, viewed in the light most favorable to her, as we must on this appeal, establishes that she misjudged her step and fell as a result of being confronted with the "surprise element of darkness". The testimony of the plaintiff in this regard is somewhat contradictory. At one point, she acknowledged that she was aware that the stairway was dark before

she started down; but in response to another question, she stated that she did not realize that the stairway was dark until the instant that she misjudged her step. We also observe that, according to the plaintiff's own testimony, the lower entrance door to the stairway was closed *before* she ascended the stairway. This indicates that the stairway was dark at that time as well as during her attempted descent. But in our opinion it makes no difference whether the plaintiff was aware of the unlighted condition of the stairway before she started down or was surprised by the darkness. In any event the darkness in the stairway was an obvious condition and the plaintiff admitted, on cross-examination, that she could have seen the darkness if she had looked. Under the authorities cited above, a home owner has no duty to warn an invitee of an obvious danger, such as the unlighted condition of a stairway, because such dangers are readily observable by the invitee. The fact that the plaintiff failed to observe an obvious danger, was surprised by it, and was injured, does not enlarge the duty of the defendants.

As the defendants had no duty to warn the plaintiff that the stairway was dark, the failure to give such a warning is not actionable negligence. The demurrer to the plaintiff's evidence was properly sustained. Judgment affirmed.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, BLACKBIRD, IRWIN, BERRY and LAVENDER, JJ., concur.

This Court acknowledges the services of Alfred B. Knight who with the aid and counsel of Maynard I. Ungerman and Carl Pinkerton as Special Masters, prepared a preliminary advisory opinion. These attorneys have been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to HODGES, J., for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.