STEPHEN H. ANDERSON, Circuit Judge.
 

 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.
 
 See
 
 Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 

 Appellant Portales National Bank appeals from an order of the district court affirming the bankruptcy court’s assessment of fees and costs in favor of appellee Armand Smith. We affirm.
 

 Background
 

 The dispute between these parties arose during the course of a Chapter 12 bank
 
 *1136
 
 ruptcy reorganization. The debtor, Byrd, Inc., filed a motion to assess the value of the ranch which was the estate’s primary asset. Portales National Bank held mortgages on the property. Both the debtor and the bank hired appraisers to evaluate the value of the ranch. They agreed to depose the respective experts after the evaluations were submitted.
 

 Armand Smith was the appraiser chosen for the debtor. He completed the valuation with an associate, Martin Welling. The parties originally scheduled Smith’s deposition for May 18, 1987, in Albuquerque, New Mexico. However, due to scheduling problems and the cost involved, the deposition was rescheduled to May 29, 1987, in Clovis, New Mexico, where Smith’s business is located. Smith appeared voluntarily for the deposition.
 

 The bank first served Smith with a subpoena duces tecum on May 13. This subpoena was timed to coincide with the first scheduled deposition. When the date of the deposition was changed, the bank sent out a second subpoena. For reasons that are unclear, it did not reach Smith until after the deposition took place. Neither of these subpoenas complied with the technical requirements of Fed.R.Civ.P. 45 or New Mexico local court rules. However, there was never any objection to the subpoenas or the bank’s method of service.
 

 In the subpoenas, the bank requested Smith to produce other appraisals of ranches he had completed. Specifically, the bank sought to discover valuations of ranches comparable in size to Byrd, Inc. Although he produced his entire file on the Byrd ranch at the deposition, Smith refused to provide copies of other appraisals. Citing “business ethics,” he indicated he would not turn over those documents absent court order. Smith did not file a motion for protective order prior to the deposition or otherwise put the bank on notice of his objections.
 

 The import of the documents became clear at the deposition of Smith’s former associate, Martin Welling. Welling testified that he disagreed with the ranch valuation and implied the figures were lowered to accommodate the debtor. The bank determined it needed the other ranch appraisals to impeach the debtor’s valuation of the ranch.
 

 After the deposition, the bank filed a motion seeking a show cause order compelling Smith to answer for his failure to comply with the subpoena duces tecum. The bankruptcy court issued that order on June 4, 1987. However, the show cause order was not served until June 10, one day before the scheduled hearing on the matter. On June 10, Smith appeared personally and requested additional time to prepare and obtain an attorney. The court granted that request, and the hearing was postponed until June 15, 1987. The timing of the hearing was crucial, as trial was scheduled to begin in the bankruptcy case on June 22.
 

 At the hearing, the bankruptcy judge quashed the order to show cause without taking any evidence. The court found the subpoenas could not be enforced because they did not comply with the necessary procedural rules.
 
 [1]
 
 Smith then filed a motion for costs and sanctions. After notice and hearing, the court entered an order awarding costs and fees pursuant to Fed.R. Civ.P. 26(g). The total of the fees came to $5,496.86. On appeal, the district court reduced this amount slightly, but otherwise upheld the rulings. The bank appeals both the award and the amount of fees.
 

 Discussion
 

 A. The award of fees
 

 The bankruptcy court awarded fees and costs pursuant to Fed.R.Civ.P. 26(g). The pertinent portion of that rule states:
 

 (g) Signing of Discovery Requests, Responses, and Objections.
 

 
 *1137
 
 The signature of the attorney or party constitutes a certification that the signer has read the request, response, or objection, and that to the best of the signer’s knowledge, information, and belief formed after a reasonable inquiry it is: (1) consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; (2) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (3) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation. If a request, response, or objection is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the party making the request, response, or objection, and a party shall not be obligated to take any action with respect to it until it is signed.
 

 If a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, the party on whose behalf the request, response, or objection is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney’s fee.
 

 Although this circuit has not specifically addressed interpretation of the sanctions language in Rule 26(g), other courts have applied case law applicable to Fed.R.Civ.P. 11.
 
 See Insurance Benefit Adm’rs, Inc. v. Martin,
 
 871 F.2d 1354, 1360 (7th Cir.1989);
 
 Apex Oil Co. v. Belcher Co. of New York, Inc.,
 
 855 F.2d 1009, 1015 (2d Cir.1988);
 
 see also
 
 Fed.R.Civ.P. 26(g) advisory committee’s note (Rule 26(g) “parallels the [1983] amendments to Rule 11”). We likewise adopt this approach and apply Rule 11 case law here. The appropriate standard of review in a Rule 11 action is abuse of discretion.
 
 Cooter & Gell v. Hartmarx Corp.,
 
 — U.S. —, 110 S.Ct. 2447, 2460-61, 110 L.Ed.2d 359 (1990);
 
 Burkhart ex rel. Meeks v. Kinsley Bank,
 
 852 F.2d 512, 515 (10th Cir.1988). Therefore, we proceed to consider whether the district court abused its discretion in assessing fees and costs pursuant to Rule 26(g).
 

 Rule 11 was designed to “help to streamline the litigation process by lessening frivolous claims or defenses.” Fed.R.Civ.P. 11 advisory committee's note. When considering sanctions under Rule 11, and therefore Rule 26(g), the court must judge the attorney’s conduct under an objective standard of reasonableness.
 
 See Burkhart ex rel. Meeks v. Kinsley Bank,
 
 804 F.2d 588, 590 n. 3 (10th Cir.1986). Subjective bad faith is not required to trigger the imposition of sanctions.
 
 Id.
 
 at 589. Rather, the central issue is whether “the person who signed the pleading conducted a reasonable inquiry into the facts and law supporting the pleading.”
 
 United Mo. Bank of Kansas City, N.A. v. Bank of N.Y.,
 
 723 F.Supp. 408, 415 (W.D.Mo.1989) (interpreting Fed. R.Civ.P. 26(g) under Rule 11 standards).
 

 The pleading at issue here is the motion for order to show cause seeking enforcement of the subpoenas. The inquiry is whether, with reasonable investigation, the bank could have believed such an order was proper. We agree with the district court that it could not. There is no dispute that the subpoenas served on Smith were not valid under either New Mexico court rules or Rule 45. Counsel must, or should, have known this when they reviewed the subpoenas. Because the subpoenas were invalid, they could not be enforced with an order to show cause.
 

 That Smith appeared voluntarily and produced some documents is not dispositive here. As a nonparty, he had no duty to appear at the deposition or to produce documents. Without valid subpoenas, the bankruptcy court could not force him to produce the documents. While we are sympathetic to the bank’s argument that Smith never objected to the subpoenas or indicated he would not produce the documents, we agree with the district court that the bank could not have believed the subpoenas were enforceable given the plain
 
 *1138
 
 language of Rule 45 and the local rules of court. Consequently, we uphold the district court’s ruling.
 

 B. Amount of the fees
 

 With the exception of .4 hours, the district court upheld the bankruptcy court’s award of $5,496.86 in attorney’s fees and costs. We review the appropriateness of this amount under an abuse of discretion standard.
 
 Smith v. Freeman,
 
 921 F.2d 1120, 1122 (10th Cir.1990).
 

 The bankruptcy court held Smith should be “made whole” for the expenses involved in responding to the show cause order. Rule 26(g) specifically gives the court this power. The bankruptcy court accepted the fees submitted in an affidavit filed by ap-pellee’s attorneys and found that because that amount was, in fact, charged to Smith, the bank would be required to pay it. The court held two hearings on the issue and gave the bank opportunity to object to the reasonableness of the amount. There is no abuse of discretion here. Given the emergency nature of the services performed and the number of proceedings involved, we hold the district court did not abuse its discretion in upholding the fees award.
 

 Accordingly, the judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 

 [1]
 

 . Local Rule 30.1 of the New Mexico district court requires a subpoena to be served ten days prior to a scheduled deposition. Further, Fed. R.Civ.P. 45(d)(2) states a person may be directed to attend a deposition at any place within one hundred miles of his residence or place of business. In this case, the first subpoena was invalid under both rules. The second was invalid because it was not served until
 
 after
 
 the deposition.