943 F.2d 57
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Max RIBEAU, Plaintiff-Appellant,
v.
BOARD OF COUNTY COMMISSIONERS OF COFFEY COUNTY, KANSAS,
Defendant-Appellee.
 No. 90-3373.
 United States Court of Appeals, Tenth Circuit.
 Sept. 4, 1991.
 
 Before MCKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Max Ribeau appeals the imposition of sanctions under Fed.R.Civ.P. 11 for filing a frivolous complaint. We review the propriety of Rule 11 sanctions under an abuse of discretion standard. Portales Nat'l Bank v. Smith (In re Byrd, Inc.), 927 F.2d 1135, 1137 (10th Cir.1991). Ribeau's complaint in federal district court purported to appeal a decision of the Kansas Supreme Court affirming the dismissal of his state law claim by lower Kansas state courts on summary judgment. See Reply Brief Appendix of Appellant at 2. The district court determined that Rule 11 sanctions were appropriate "because it is clear, fundamental, and well established in the law that United States District Courts do not have appellate jurisdiction over final judgments of state courts." Id.
 
 
 3
 Having reviewed Ribeau's arguments, including that his complaint was grounded in a good faith argument for the modification of existing law, and the record in this case, we conclude the district court did not abuse its discretion in determining the propriety and amount of Rule 11 sanctions. We therefore AFFIRM.
 
 
 4
 Ribeau's claim in federal district court was patently frivolous and his appeal is equally so. We, therefore, grant appellee's request for sanctions pursuant to Fed.R.App.P. 38 by awarding reasonable attorney fees and costs generated by this appeal. We REMAND to the district court for a determination of such sanctions.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3