**Nellie Lou LILLIE, Plaintiff–Appellant/Cross–Appellee,**

v.

**UNITED STATES of America, Defendant–Appellee/Cross–Appellant.**

Nos. 93–5052, 93–5088, 93–5249 and 93–5278.

United States Court of Appeals, Tenth Circuit.

Nov. 21, 1994.

Jack B. Sellers of Jack B. Sellers Law Associates, Sapulpa, Oklahoma, and Laura Emily Frossard, Tulsa, OK, for plaintiff-appellant/cross-appellee.

Stephen C. Lewis, U.S. Atty., Wyn Dee Baker, Asst. U.S. Atty., Tulsa, OK, for defendant-appellee/cross-appellant.

Before BALDOCK, McKAY, and HENRY, Circuit Judges.

HENRY, Circuit Judge.

These four appeals derive from the same underlying action commenced and pursued to a partially favorable judgment by plaintiff under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680.[1] Plaintiff

sued the government for maintenance of a dangerous condition that caused her to fall and injure herself on the steps outside the United States Post Office in Sand Springs, Oklahoma, early on the morning of August 15, 1987. A first trial resulted in a defense verdict, reversed on appeal due to the district court's extra-judicial examination of the accident scene. *See Lillie v. United States*, 953 F.2d 1188 (10th Cir.1992). On remand, the case was tried to the magistrate judge, *see* 28 U.S.C. § 636(c)(1), who found the government and plaintiff equally at fault, and awarded plaintiff a net recovery of $36,140.45. This award did not include any damages for loss of future income. Apart from the judgment on the merits, the judge also ruled the government had unjustifiably delayed producing a document—requested by plaintiff before the first trial—until after the initial appeal and remand. The court held the omission harmless and awarded only $1 to plaintiff "as a matter of principle and a symbolic gesture." Appellant's App. at 18.[2]

Each of these decisions has generated an appeal and cross-appeal of its own. The judgment on the merits is the subject of appeal No. 93–5052, in which plaintiff objects to the finding of comparative negligence and the denial of damages for future lost income, and cross-appeal No. 93–5088, in which the government objects to the determination of its liability for maintaining a hidden danger. The $1 sanction award is challenged by plaintiff as legally deficient in appeal No. 93–5249, and by the government as unwarranted in cross-appeal No. 93–5278.

## JUDGMENT ON THE MERITS

### A. Government Liability

The magistrate judge issued the following pertinent findings of fact and conclusions of law regarding the liability of the government for plaintiff's accident and resulting injury:

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.

2. For the sake of ease, we refer to the appendix of Appellant/Cross–Appellee Lillie simply as "Appellant's App." and that of Appellee/Cross–Appellant United States as "Appellee's App."

5. On August 15, 1987, on the second step from the bottom on the west half of the steps [in front of the main entrance on the north side of the post office], and immediately adjacent to the middle handrail, there was a spalled area in the cement extending for about ten inches from the vertical handrail support along the edge of the steps and back from three to six inches from the edge of the step. The spalled area was rough and uneven. This spalled area is in substantially the same condition today as it was on August 15, 1987 with the exception that its dimensions have increased slightly.

. . . .

7. On Saturday, August 15, 1987, at about 6:00 a.m. and while it was still dark, Plaintiff stopped at the post office on her way to work. She had been to the post office six to eight times before August 15, 1987. She parked her car in the parking area on the north side of the post office and proceeded to the west section of the steps. She walked down the steps, holding the handrail with her left hand. Toward the bottom of the steps, she fell. . . . Plaintiff had never previously had any difficulty negotiating the steps and had never previously observed, and on August 15, 1987 did not observe, the spalled area or any defect in the steps.

. . . .

29. The Defendant failed to have all available lighting turned on at the post office on August 15, 1987.

30. The Defendant failed to repair the spalled area on the post office steps, and had longstanding knowledge of this condition.

31. The combination of the existent lighting conditions and spalling of the step was a contributory cause of Plaintiff's fall and injury. *Although the spalling of the step was not severe enough to constitute a hazard in broad daylight, it became a hidden danger under the diminished lighting conditions present at the time of the accident.*

. . . .

10. At the time of the accident, the lack of lighting and spalled condition of the step presented a danger that Defendant either knew about or should have known about in the exercise of reasonable care.

. . . .

13. Plaintiff has established that the negligence of Defendant caused her injury. However, Plaintiff substantially contributed by her failure to exercise due care in descending the steps.

Appellant's App. at 3–5, 9–10, 12–13 (emphasis added).

The government does not take issue with the general negligence principles acknowledged and applied by the magistrate judge. *See generally Franklin v. United States,* 992 F.2d 1492, 1495 (10th Cir.1993) (liability under FTCA is governed by state law). Rather, its objection rests on the meaning and significance of the particular factual finding underscored above. The government asserts that both of the conditions whose combination is identified as the operative hidden danger in the highlighted finding were, taken individually, nonactionable—the spalling because it was a trivial defect and the inadequate lighting because it was open and obvious.[3] The magistrate judge evidently agreed with this assessment.[4] *See* Appellant's App. at 9 (spalling "not severe enough to constitute a hazard in broad daylight"), 12 ("Defendant did not have any duty to warn Plaintiff of the poorly lighted condition of the steps, as the danger was readily observable by Plaintiff."). From this the government concludes, "The principle that a building owner

---

3. The government cites a number of cases holding that a slight defect or depression in a sidewalk does not establish actionable negligence, *see, e.g., Evans v. City of Eufaula,* 527 P.2d 329, 332 (Okla.1974); *City of Marietta v. Bigham,* 196 Okla. 114, 162 P.2d 999, 999–1000 (1945), and that a building owner owes no duty to warn of the readily observable danger of limited lighting on stairways, *see, e.g., Harrod v. Baggett,* 418 P.2d 652, 655 (Okla.1966).

4. We note, however, that the magistrate judge did not hold the ten-inch spalling along the step edge trivial *per se,* but only so under particular circumstances—broad daylight—not pertinent here. Indeed, he specifically stated that the spalling "was not a trivial defect or irregularity in that it was in a poorly lighted area." Appellant's App. at 11.

has no duty to warn of unlighted conditions on a stairway logically means that the [government] cannot be held liable for a fall that it would not be liable for if the lighting were adequate." Brief of Appellee/Cross–Appellant at 19. There is no citation of authority for this last, critical point.

■ The government does discuss two cases in which the Oklahoma Supreme Court held negligence claims could not be premised on improper lighting *and* the absence of a handrail on a stairway. *See Harrod v. Baggett,* 418 P.2d 652, 655 (Okla.1966); *Pruitt v. Timme,* 349 P.2d 4, 5–6 (Okla.1959). However, *Pruitt* is a licensee case and therefore inapplicable here. *See Foster v. Harding,* 426 P.2d 355, 359–60 (Okla.1967) (expressly limiting and distinguishing *Pruitt* on this basis in invitee context). And in *Harrod,* the two conditions were obvious to and observed by the plaintiff, *see id.* at 360; *Harrod,* 418 P.2d at 655, so that the inadequate lighting did not, as it did here, simultaneously interact with the danger posed by an otherwise trivial defect *and act to conceal that very danger* from the plaintiff.. We agree with the magistrate judge that the whole of the dangerous condition involved here was greater than the sum of its trivial and obvious components. The judge did not err in holding the government liable for negligent maintenance of that condition.

### B. *Plaintiff's Comparative Negligence*

The magistrate judge initially made the following findings regarding plaintiff's comparative negligence:

32. Plaintiff did not pay attention and exercise due care or diligence when she was descending the post office steps which she knew were not well lighted. She had used the stairway several times before. She admitted she was in a hurry at the time she fell....

33. Plaintiff's lack of attention was a contributory cause of her fall and injury.

34. In comparing the respective negligence of Plaintiff and Defendant, the court finds that Plaintiff was 50% negligent and Defendant was 50% negligent.

Appellant's App. at 9–10. Plaintiff challenged the resulting judgment under Fed. R.Civ.P. 59, arguing, as she does now on appeal, that the negligence attributed to her—a hurried failure to pay attention as she descended the defective steps—could not, as a matter of law, have contributed to her fall. She reasoned that because Oklahoma law defines hidden dangers as "defects or conditions ... not known to the invitee and [which] would not be observed by him in the exercise of ordinary care," *Harrod,* 418 P.2d at 655, any failure of attention on her part was legally irrelevant to the accident, as she would not have been able to discover and avoid the hidden danger on the steps even if she had descended with ordinary care. *Cf. Carnes v. White,* 511 P.2d 1101, 1105 (Okla. 1973) (where accident was unavoidable, "even if it could be said that the plaintiff was negligent in failing to keep a proper lookout, such negligence could not be the proximate cause of her injury").

The magistrate judge rejected this argument and denied plaintiff's Rule 59 motion. The judge carefully amended his prior comparative negligence finding to clarify that plaintiff's negligence consisted of a general lack of attention while hurrying down the poorly lit stairs, rather than any specific failure to observe the hidden danger thereon:

[Amended] Finding of Fact No. 34: In comparing the respective negligence of Plaintiff and Defendant, the court finds that Plaintiff was 50% negligent and Defendant was 50% negligent. Plaintiff's percentage of negligence was not based on her ability to see the spalled area, but rather her descent down the stairs without using ordinary care under the circumstances where lighting was inadequate.

Appellee's App. at 31–32.

■ In Oklahoma, the issue of comparative/contributory negligence is generally reserved to the finder of fact. Okla. Const. art. 23, § 6; *see, e.g., Morris v. Sorrells,* 837 P.2d 913, 916 (Okla.1992); *Jack Healey Linen Serv. Co. v. Travis,* 434 P.2d 924, 928 (Okla. 1967). *But see Diederich v. American News Co.,* 128 F.2d 144, 146 (10th Cir.1942) ("[This] Oklahoma constitutional provision is not controlling in trials in federal courts."). Here,

the magistrate judge found as a factual matter that negligence by the plaintiff—unrelated to her inability to observe the spalling on the steps—was causally connected to her fall and resultant injury. For this court now to hold, as a matter of law, that the judge should have rejected the defense of comparative negligence, "there must be an utter absence of evidence." *Bullard v. Grisham Constr. Co.*, 660 P.2d 1045, 1048 (Okla.1983). There is ample evidence in the record in this case to support the magistrate judge's finding, and therefore, we cannot say that allowing the comparative negligence defense in this case was in error.

### C. Damages for Future Lost Income

■ Plaintiff maintains the ankle injury suffered in her fall at the post office ultimately necessitated her early retirement in 1990 at age sixty-two (more than eighteen months after her return to full-time work—with overtime—following the accident). Consequently, she contends it was error for the magistrate judge not to award damages for future lost income covering the period up until her mandatory retirement at age sixty-five.

As the parties' briefs reflect, there is a great deal of evidence relating to the question whether plaintiff's early retirement was caused by her ankle injury or was prompted by unrelated considerations, including numerous other physical and psychological problems. The magistrate judge, who had the advantage of direct observation of the witnesses, took the latter view. Upon consideration of the materials cited and argued by the parties, and keeping in mind that the burden was on plaintiff to establish a causal connection between her injury and retirement (and not on the government to show what else necessitated her early retirement, if it was indeed necessary at all), we conclude the magistrate judge's account of the evidence was plausible and, therefore, cannot be deemed clearly erroneous. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985) (where there are two permissible views of the evidence, fact finder's choice between them cannot be clearly erroneous).

### SANCTION AWARD

During a deposition of the Sand Springs postmaster taken before the first trial, plaintiff's counsel requested all records "of the repairs that were done to the spalled area on the walkway [outside the post office building]." Appellee's App. at 75. It was not, however, until after this court's remand for retrial that present government counsel, informally reminded of this outstanding request, produced the material underlying plaintiff's motion for sanctions. *See* Appellant's App. at 162. This documentation included the following pre-accident statements by the postmaster regarding the completion of certain items of deferred maintenance on the building:

> I do not feel that I can accept Item 1 [repair of walks in front of building], due to what I feel could be a potential safety hazard. The lessor cut out and replaced one complete section of the side walk. There is one section left which he states he does not plan to replace or repair, due to our necessary use of calcium chloride during the winter months which he feels has caused the spalling.
>
> There is one place in this section of the walk which i [sic] feel could be a problem.

*Id.* at 167. Plaintiff argued that this material clearly fell within the scope of her request and, moreover, showed the postmaster's general awareness of the presence and danger of spalled concrete outside the post office building prior to her accident. Contending that timely production could have avoided the initial unfavorable judgment of the district court, and hence the time and effort of the first appeal, plaintiff sought fees and expenses she claimed were necessitated by the government's conduct.

The magistrate judge noted plaintiff had never filed and obtained a favorable ruling on a motion to compel this material, Appellant's App. at 18, a precondition for application of the discovery sanctions then set out in Fed. R.Civ.P. 37(b)(2).[5] Accordingly, the judge analyzed plaintiff's request for sanctions under Fed.R.Civ.P. 26(g) instead. At that time,

---

5. This case was determined under the Federal Rules of Civil Procedure in force prior to the

Rule 26(g) contained an attorney certification requirement much like that found in Fed.R.Civ.P. 11, and enforced it with the following sanction provision:

> If a certification is made in violation of th[is] rule, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, the party on whose behalf the [certification] is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

Fed.R.Civ.P. 26(g) (1988). Expressly recognizing that Rule 26(g) questions are governed by the same objective standards applied under Rule 11, *see In re Byrd, Inc.*, 927 F.2d 1135, 1137 (10th Cir.1991), the judge found a violation, but imposed only a nominal sanction because (1) "[i]t [was] a close call as to whether the document [came] within plaintiff's Request for Documents and therefore whether the conduct of defense counsel was objectively reasonable," and (2) "[w]hile defendant failed to produce the document in question, it was not relevant to the outcome of the first trial in this case or to the issues in the second trial." Appellant's App. at 18.

 The government insists that it did not violate Rule 26(g), asserting that a document complaining of repairs left undone is not, strictly speaking, a record of "repairs that were done"—the language used in plaintiff's request. We review the magistrate judge's decision on this matter solely for an abuse of discretion. *In re Byrd*, 927 F.2d at 1137; *see also Hughes v. City of Fort Collins*, 926 F.2d 986, 988 (10th Cir.1991). Upon review of the materials in question, we will not second-guess the judge's determination that government counsel's conduct was not in compliance with the duties imposed under Rule 26(g).[6] *See Hughes*, 926 F.2d at 989.

Plaintiff's sole challenge to the sanction order concerns the authority under which it was issued. She contends the magistrate judge erred in applying a Rule 11 standard, under which the award of attorney fees is discretionary, in lieu of the standard

prescribed in Fed.R.Civ.P. 16(f), under which compensatory attorney fees are a mandatory component of the sanction unless expressly excepted for specified reasons. Because we hold the judge properly chose not to rely on Rule 16(f) at all, we affirm the sanction order without addressing the bulk of plaintiff's appellate argument, which concerns the analysis required under that rule.

[Rule 16(f) ] is narrow-gauged. It authorizes the imposition of sanctions in only four specific instances: (1) failure to obey a scheduling or pretrial order, (2) failure to appear at a scheduling or pretrial conference, (3) substantial unpreparedness on the occasion of such a conference, or (4) failure to participate in such a conference in good faith. Fed.R.Civ.P. 16(f). Its use must be limited accordingly; Rule 16(f) sanctions cannot be prescribed as a panacea to cure the ills of a bar which sometimes falls short of meeting, generally, acceptable standards of practice.

*Figueroa–Rodriguez v. Lopez–Rivera*, 878 F.2d 1488, 1491 (1st Cir.1988), *pertinent portion of opinion reinstated on reh'g*, 878 F.2d 1478, 1486 (1989) (en banc). The rule does not apply here, as there are "no findings which would bring the case within the ambit of Rule 16(f), nor is it evident on the face of the record that one or more of the four venal [sic] sins which the rule proscribes was committed." *Id.* In the present context, Rule 16(f), much like Rule 37(b) noted above, requires the violation of an existing court order; other kinds of discovery misconduct must be addressed under alternative sanction provisions, such as Rule 26(g), as the magistrate judge evidently realized. *See Salahuddin v. Harris*, 782 F.2d 1127, 1133 (2d Cir. 1986) (holding Rule 16(f) inapplicable to discovery-sanction dispute where no pretrial or scheduling order involved).

The judgments of the United States magistrate judge for the Northern District of Oklahoma are AFFIRMED in all respects.

---

effective date of the 1993 amendments.

6. Government counsel has never argued that the magistrate judge's reliance on Rule 26(g) was improper.