Denise A. GIESTING, Plaintiff,

v.

STORZ INSTRUMENT COMPANY,
Defendant.

Civil Action No. 95–2445–GTV.

United States District Court,
D. Kansas.

April 30, 1997.

David W. White, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Overland Park, KS, for Plaintiff.

David J. Waxse, Melissa A. Taylor, Shook, Hardy & Bacon, L.L.P., Overland Park, KS, for Defendant.

### MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This matter comes before the court on plaintiff's "motion to strike defendant's exhibits and motion for sanctions" (Doc. 84). Defendant has filed a response in opposition to the motion. For the reasons set forth below, the motion is granted in part and denied in part.

#### I. Factual Background

On May 29, 1996, Magistrate Judge Rushfelt entered a scheduling order setting this case on the April 1997 trial docket and requiring that discovery be completed by September 27, 1996. Judge Rushfelt extended the discovery deadline on several occasions. On February 5, 1997, a final pretrial conference was held in the case. In the subsequent pretrial order, the court memorialized that the final discovery deadline expired February 14, 1997. The pretrial order also mandated that the parties exchange exhibits and file lists of proposed witnesses with the court by March 4, 1997. The order stated:

> Witnesses and exhibits not exchanged, filed, and marked, as required by this order, shall not be permitted or testified or be received into evidence, respectively.... Compliance with the provisions of this section of the Pretrial Order shall be required in all cases except by agreement of counsel or upon order of the Court, or in proper rebuttal.

On March 21, 1997, the court, at the request of the parties, transferred the case to the

May 1997 trial calendar. The court, however, did not disturb any of the time deadlines imposed in the pretrial order.

On April 9, 1997, defendant filed with the court, and served on plaintiff, a Second Supplemental Final Exhibit List.[1] The seventy supplemental exhibits in the list consist primarily of "sales recap," "challenge," "warning," and "probation" letters that defendant either issued to surgical product representatives or circulated among supervisors. Plaintiff now requests that the court strike these exhibits.

## II. Discussion

Defendant attempts to justify its dilatory disclosure of the controverted exhibits by contending that it only became aware of the possible relevance of the exhibits upon reviewing the theories plaintiff raised in her January 23, 1997 response to defendant's summary judgment motion. Defendant maintains that after reading plaintiff's opposition brief, it immediately undertook a comprehensive search of its files for any materials that could be considered "disciplinary" under plaintiff's interpretation of that term. Defendant claims that after it completed the search at the end of March 1997, it expeditiously disclosed the relevant documents.

The court is unpersuaded by defendant's argument. The bottom line is that defendant neither sought nor received leave of court to file the list of seventy additional exhibits at a time well after the discovery deadline had ended.

Defendant suggests that plaintiff has suffered little prejudice from the late disclosure and that barring the documents from trial is an inappropriate sanction. The court disagrees. Defendant's document production occurred just one month before the scheduled trial date and nearly five months after plaintiff deposed defendant's main witnesses. Plaintiff is essentially precluded, therefore, from having an adequate opportunity to question defendant's witnesses with regard to the newly disclosed documents.

Fed.R.Civ.P. 16(f) authorizes sanctions against parties for failing to obey the terms of a scheduling or pretrial order. Rule 37(b)(2), to which Rule 16(f) refers, provides a list of potential options for the court's consideration in fashioning an appropriate sanction. Ultimately, however, the matter is left to the sound discretion of the court. *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1555 (10th Cir.1996). The court's discretion is limited only by the requirements that the sanction be "just," and "related to the particular 'claim'" at issue. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir. 1992) (citing *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707, 102 S.Ct. 2099, 2107, 72 L.Ed.2d 492 (1982)).

"Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction [and] to deter those who might be tempted to such conduct in the absence of such a deterrent." *Olcott*, 76 F.3d at 1555 (alteration in original) (citations and internal quotation omitted). Rules 37(b)(2) expressly permits the court to strike pleadings and prohibit the introduction of evidence not disclosed in a timely fashion. See Fed.R.Civ.P. 37(b)(2)(B) & (C). Furthermore, the pretrial order in this case unequivocally stated that failure to adhere to the disclosure deadlines would result in the exclusion of such material from trial. The court, in its discretion, finds that the likelihood of prejudice to plaintiff resulting from defendant's untimely disclosures warrants the exclusion of the exhibits in Defendant's Second Supplemental Final Exhibit List.

Plaintiff also requests reasonable attorney's fees for the time her counsel spent researching and preparing the motion for sanctions. An award of attorney's fees is mandatory under Rule 16(f) unless the court finds either that the offender's noncompliance was substantially justified or that other circumstances make such an award inappropriate. *See Lillie v. United States*, 40 F.3d 1105, 1110 (10th Cir.1994) (citing Fed. R.Civ.P. 16(f)). The court declines to award any attorney's fees. The five-page motion

---

1. The materials referred to in defendant's Second Supplemental Final Exhibit List were provided to plaintiff in defendant's accompanying Rule 26 Third Supplemental Disclosures.

that plaintiff filed is little more than a procedural history of the case, accompanied by a compilation of defendant's prior pleadings; the motion should have taken little time to produce. The court believes that exclusion of the controverted documents is an adequate remedy for defendant's untimely disclosures and no additional sanctions are necessary.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's "motion to strike defendant's exhibits and motion for sanctions" (Doc. 84) is granted in part and denied in part, as described in this Memorandum and Order.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**