

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-20-2003

# McMullen v. Bay Ship Mgt

Precedential or Non-Precedential: Precedential

Docket No. 00-3157

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"McMullen v. Bay Ship Mgt" (2003). *2003 Decisions.* Paper 406.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/406

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed June 20, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-3157

ED McMULLEN,
*Appellant*

v.

BAY SHIP MANAGEMENT,
*Appellee*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 99-CV-00164)
Magistrate Judge: Honorable Raymond J. Durkin

Argued April 22, 2003

Before: SCIRICA, *Chief Judge*,* AMBRO and
WEIS, *Circuit Judges.*

Filed: June 20, 2003

Vincent S. Cimini, Esquire
 (ARGUED)
Foley, Cognetti, Comerford & Cimini
507 Linden Street, Suite 700
Scranton, Pennsylvania 18503

*Attorney for Appellant*

---

* Judge Scirica began his term as Chief Judge on May 4, 2003.

Thomas R. Daniels, Esquire
 (ARGUED)
Lehahan & Dempsey, P.C.
Kane Building, Suite 400
116 N. Washington Avenue
P.O. Box 234
Scranton, Pennsylvania 18503

*Attorneys for Appellee*

## OPINION OF THE COURT

WEIS, *Circuit Judge.*

In this diversity case, we conclude that the plaintiff's proper invocation of the Fifth Amendment privilege against self-incrimination did not warrant dismissal of the litigation. Because other less drastic measures were available to cope with the failure to comply with the defendant's discovery requests, we will reverse and remand for further proceedings.

Plaintiff filed a civil action on January 29, 1999 asserting claims for breach of contract and unjust enrichment based on painting services he had performed on military vessels at defendant's instance. With the consent of the parties, the matter was assigned to a magistrate judge for trial.

On August 15, 1999, while this civil suit was still pending, an Information was filed in the Middle District of Florida charging one of the defendant's employees with irregularities in carrying out a contract with the United States to service and maintain military vessels. Plaintiff was a named, but uncharged, co-conspirator in that Information.

One month later, on September 17, 1999, the defendant served on plaintiff interrogatories and request for production of documents. In a letter dated November 11, 1999, counsel for the plaintiff advised defendant that:

> With respect to the Information handed down by the Federal Grand Jury, Mr. McMullen will obviously be asserting his Fifth Amendment privilege at the time of

his deposition. Moreover, so that there can be no question as to Mr. McMullen's waiver of his Fifth Amendment privilege, he must also assert said privilege in response to the outstanding discovery requests.

In response, defendant filed a motion to compel answers to the interrogatories and a request for production. The parties filed briefs and discussed the issue as well as possible settlement with the magistrate judge at a pretrial conference in December 1999.

Upon receiving notification in the following month that settlement efforts had been unavailing, the Court ruled on defendant's motion to compel. The Court recognized that generally an order to compel compliance with discovery is a prerequisite to the imposition of sanctions. However, the magistrate judge concluded that in view of the plaintiff's unequivocal assertion that he would invoke his Fifth Amendment privilege, the issuance of an order compelling discovery would be a futile act.

Relying on *Serafino v. Hasbro*, 82 F.3d 515 (1st Cir. 1996), the Court directed that the case be dismissed with prejudice, noting that an examination of the plaintiff's records might be helpful, but would be a poor proxy for his testimony. Although both parties had suggested the alternative of staying the case, the Court did not indicate why that procedure would not be a satisfactory solution for the problem.

After the appeal was taken, the parties participated in an extended period of negotiations in accordance with this Court's Appellate Mediation Program. The criminal matter was concluded in June 2002, and on July 9, 2002, the plaintiff advised that he was now available for an oral deposition. Defendant declined the offer on the ground that too much time had elapsed. The case was then placed on the regular docket for submission to this Court.

I.

Federal Rule of Civil Procedure 37 provides the means to be used in sanctioning obstructive conduct in discovery matters. Generally, the Rule requires the issuance of an

order to compel and only after failure to comply with that rule should a penalty be imposed. *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1363-64 (2d Cir. 1991) (judicial intervention between a discovery request and the imposition of sanctions demonstrates the seriousness of the dereliction, and permits judicial scrutiny of the discovery request); *see also Keefer v. Provident Life & Acc. Ins. Co.*, 238 F.3d 937, 940 (8th Cir. 2000); *Lillie v. United States*, 40 F.3d 1105, 1109 (10th Cir. 1994); 8A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2282 (2d ed. Supp. 2003).

Although the prerequisite of an order to compel is the usual rule, we agree with the District Court that following that procedure in this case would have been a meaningless formality. The plaintiff had clearly stated his position and the issue had been briefed and argued before the magistrate judge at a pretrial conference. The reasons underlying the Rule — active judicial review of the discovery dispute and recognition of the gravity of the issue — had already been satisfied. Thus, issuance of an order in this situation, indeed, would have been an exercise in futility. *See Serafino*, 82 F.3d at 519.

## II.

We come, therefore, to the sanction imposed. This Court has emphasized that control of discovery is committed to the discretion of the trial court and we will seldom intervene. However, the District Court's power is not without limit. *In re Orthopedic "Bone Screw" Products Liab. Litig.*, 132 F.3d 152, 156 (3d Cir. 1997). We have emphasized this Court's policy of favoring litigation on the merits, rather than imposing dismissals with prejudice or a default judgment. In *Hewlett v. Davis*, 844 F.2d 109, 113 (3d Cir. 1988), we stated that "[t]hese must be sanctions of last, not first, resort." *See also Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (setting out checklist applicable for sanction of dismissal).

In *Serafino*, the Court of Appeals considered that in the circumstances of that case, the trial court did not abuse its discretion in dismissing the case with prejudice. *Serafino*,

82 F.3d at 519. The appellate court emphasized the necessity of balancing the competing interests of the parties and cited, among others, our opinion in *SEC v. Graystone Nash, Inc.*, 25 F.3d 187 (3d Cir. 1994). *Id.* at 518. Curiously, despite its obvious pertinency, counsel for neither party cited *Graystone* to the District Court in this case.

In *Graystone*, the defendants invoked the Fifth Amendment privilege, refusing to answer questions during discovery depositions. 25 F.3d at 188-89. As a sanction, the District Court precluded defendants from presenting evidence in opposition to the plaintiff's summary judgment motion and granted judgment for the plaintiffs. *Id.*

We recognized that the civil litigant had the right to the protection of the Fifth Amendment, but that invoking that privilege had a prejudicial effect on the adversary's right. *Id.* at 190. Sanctions, therefore, had to be tailored to provide equitable treatment to the adversary, as well as accommodating the Fifth Amendment rights of the party invoking the privilege. *Id.* at 192. "[T]he detriment to the party asserting [the privilege] should be no more than is necessary to prevent unfair and unnecessary prejudice to the other side." *Id.*

Here, the factual situation differs from *Graystone* in that the party availing himself of the Fifth Amendment privilege is a plaintiff who chose to bring the suit, rather than a defendant who had been summoned into court. Some commentators have suggested that having selected the litigation process, a plaintiff may not use the privilege to advance his cause — to use it as a sword, rather than a shield. That approach, however, has not carried the day.

*Wehling v. Columbia Broadcasting Sys.*, 608 F.2d 1084, 1086 (5th Cir. 1979), held that "the Fifth Amendment would serve as a shield to any party who feared that complying with discovery would expose him to a risk of self-incrimination." The Court stated that "[i]n most cases, a party 'voluntarily' becomes a plaintiff only because there is no other means of protecting legal rights." *Wehling*, 608 F.2d at 1089 n.10. The Court reversed the District Court's dismissal and suggested instead a protective order staying

discovery until the statute of limitations on the criminal matter had expired. *Id.* at 1089.

A leading commentator has dismissed arguments against extending the Fifth Amendment privilege to a plaintiff. "It is inconceivable that by exercising the constitutional right to bring or defend an action a person waives his or her constitutional right not to be a witness against himself or herself, and no case has so held." 8 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2018 (2d ed. 1994). *See also Mitchell v. Roma*, 265 F.2d 633, 637 (3d Cir. 1959) (explaining that by instituting a suit, plaintiff does not automatically waive any privilege).

This case does not differ in any major respect from *Graystone*, and we therefore apply it to the controversy presently before us. The general approach in both cases should be the same. Although the privilege is available, prejudice to the other party must be minimized and an equitable resolution adopted. Here, that task has been greatly simplified by the conduct of the parties.

In his brief to the District Court, the plaintiff suggested as alternatives to dismissal a stay of the matter or allowing an adverse inference because of his failure to testify. The defendant moved for dismissal, but also suggested as an alternative that the case be placed on the inactive list until plaintiff "is no longer under the cloud of criminal prosecution."

Although a stay had been suggested as a satisfactory solution by both parties, the District Court simply dismissed the case without commenting on the parties' alternative suggestions for a disposition. Placing the case on the inactive list would have been in harmony with the balancing test set out in *Graystone*, which, rather than *Serafino*, is the governing precedent within this circuit.

The only virtue in dismissing the case here was clearing the court's docket. Although promptness in judicial administration is highly desirable, delay may sometimes be necessary to the mission of doing justice. We are all too often reminded that "justice delayed is justice denied." But, it is equally true that in some situations "justice rushed is justice crushed."

As the Supreme Court has reminded us, "a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality." *Ungar v. Sarafite,* 376 U.S. 575, 589 (1964). In a similar vein, we have said, "we are not unmindful of the need for judicial eagerness to expedite cases, to fully utilize the court's time, to reduce overcrowded calenders and to establish finality of judgments. However, these commendable aspirations should never be used to thwart the objectives of the blind goddess." *Boughner v. Sec. of Hlth., Educ. & Welfare,* 572 F.2d 976, 978-79 (3d Cir. 1978).

In the circumstances here, dismissal of the case was not consistent with a sound exercise of judicial discretion.

Accordingly, the order of the District Court will be reversed, and the case remanded for further proceedings consistent with this Opinion.

A True Copy:
  Teste:

*Clerk of the United States Court of Appeals*
*for the Third Circuit*
