**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1656
_____

ASSEM A. ABULKHAIR,
                                        Appellant

v.

OFFICE OF ATTORNEY ETHICS; STATE OF NEW JERSEY;
CHARLES CENTINARO; STEVEN P. ROSS; PAULA T. GRANUZZO
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:16-cv-03767)
District Judge:  Honorable Kevin McNulty
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 12, 2018

Before: JORDAN, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 18, 2018)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Assem Abulkhair, a frequent filer in the federal courts,[1] appeals pro se from the District Court's orders dismissing his amended complaint and denying his motion for a default judgment. For the reasons that follow, we will affirm those orders.

I.

Because we write primarily for the parties, we discuss the background of this case only to the extent needed to resolve this appeal. On June 23, 2017, Abulkhair filed an amended civil rights complaint in the District Court against the State of New Jersey, the New Jersey Supreme Court's Office of Attorney Ethics ("the OAE"),[2] the OAE's Director, and two OAE investigators. That pleading alleged numerous violations under federal and state law, all of which related to the defendants' handling of a grievance that Abulkhair had filed against his former attorney.

The defendants obtained two extensions of time to respond to the amended complaint. On September 21, 2017, twenty days after the second extended deadline had expired, the defendants moved to dismiss the amended complaint. Abulkhair then filed a cross-motion, seeking to enter a default judgment against the defendants based on their failure to act before the deadline. On March 15, 2018, the District Court granted the defendants' motion to dismiss. In doing so, the District Court concluded that the

---

[1] In this Court alone, Abulkhair has brought more than two dozen cases.
[2] The OAE is an "arm" of the New Jersey Supreme Court. See Robertelli v. N.J. Office of Att'y Ethics, 134 A.3d 963, 967 (N.J. 2016).

2

Eleventh Amendment barred certain claims against the State and the OAE, as well as certain claims brought against the other three defendants in their official capacities. As for the remaining claims, the District Court concluded that they failed to state a claim upon which relief can be granted. The District Court concluded that amendment of the claims against the State and the OAE would be futile, so the District Court dismissed those defendants with prejudice. However, the District Court dismissed the other three defendants without prejudice to Abulkhair's ability to file a second amended complaint within thirty days. The District Court's opinion accompanying its March 15, 2018 order also rejected Abulkhair's motion for a default judgment. Although the March 15, 2018 order itself did not rule on the default-judgment motion, the District Court entered an order on March 23, 2018, explicitly denying that motion.

Abulkhair chose not to file a second amended complaint. Instead, he brought this appeal.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[3] We exercise de novo review over the District Court's March 15, 2018 dismissal order, see Estate of Lagano v. Bergen Cty. Prosecutor's Office, 769 F.3d 850, 853 (3d Cir. 2014), and we

---

[3] Our jurisdiction under § 1291 is limited to reviewing "final" orders of the district courts. See 28 U.S.C. § 1291. Although the District Court's March 15, 2018 order dismissed some of the defendants without prejudice to Abulkhair's ability to file a second amended complaint, that order is nevertheless "final" under § 1291 because Abulkhair did not file a second amended complaint within the time provided by the District Court. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992).

review its March 23, 2018 order denying a default judgment for abuse of discretion, see Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

Abulkhair's briefing focuses on the Eleventh Amendment. Specifically, he argues that the Eleventh Amendment is a "delusional amendment" that "does [NOT] exist within the 'State of New Jersey.'" (Abulkhair's Opening Br. 2; Abulkhair's Reply Br. 3 (brackets and internal quotation marks in original).) This argument is indisputably meritless and we need not discuss it further. To the extent that Abulkhair's briefing could liberally be construed as challenging the District Court's application of the Eleventh Amendment to this case, such a challenge does not warrant any relief here. For substantially the reasons provided by the District Court in its thorough analysis, we see no reason to revive any of the claims that were dismissed on Eleventh Amendment grounds. As for the claims that the District Court dismissed on other grounds, Abulkhair has waived those claims. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in [his] opening brief, and for those purposes a passing reference to an issue . . . will not suffice to bring that issue before this court.") (ellipses in original) (internal quotation marks omitted); see also Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002) (per curiam) (applying waiver doctrine to pro se case).

Although Abulkhair has preserved his challenge to the District Court's denial of his motion for a default judgment, that challenge lacks merit. We have adopted a policy that disfavors default judgments and encourages adjudicating cases on the merits. See

4

McMullen v. Bay Ship Mgmt., 335 F.3d 215, 217-18 (3d Cir. 2003). "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain, 210 F.3d at 164. In this case, Abulkhair has not shown that he was prejudiced by the District Court's denial of a default judgment. Furthermore, the defendants in this case had a litigable defense, and Abulkhair has not established that their twenty-day delay in filing their motion to dismiss was due to culpable conduct. See Hritz v. Woma Corp., 732 F.2d 1178, 1182-83 (3d Cir. 1984) (explaining that "culpable conduct" means "willfulness" or "bad faith," and does not include mere negligence). Accordingly, the District Court did not err in denying Abulkhair's motion for a default judgment.

In light of the above, we will affirm the District Court's March 15, 2018 and March 23, 2018 orders. To the extent that Abulkhair asks us to impose sanctions against the defendants' attorney, that request is meritless and is hereby denied.